### LANGE v. UNION PAC. R. CO.

#### (Circuit Court of Appeals, Eighth Circuit. November 27, 1903.)

#### No. 1,944.

1. PLEADINGS—AMENDMENT—NAME.

Where, after answer, by leave of court the defendant filed an additional pleading stating an additional defense, which it styled an "additional answer," the fact that it was so named, and that the practice did not recognize such a pleading, was immaterial, since it would be regarded as an amendment to the answer filed.

**2. SAME—FEDERAL COURTS—AMENDMENT OF PLEADINGS—STATE LAWS.**

Since, by Rev. St. § 954 [U. S. Comp. St. 1901, p. 696], authorizing federal courts to allow amendment of pleadings, Congress has legislated generally on the subject, the federal courts in granting such amendments are not governed by the state laws or practice.

**3. SAME—DISCRETION—ABUSE—REVIEW.**

The granting of leave to amend pleadings is discretionary with the trial court, and its action is not reviewable except in case of gross abuse of discretion.

**4. MASTER AND SERVANT—INJURIES TO SERVANT—LIABILITY ACTS—INSTRUCTION —IMPLIED REPEAL.**

Sess. Laws Colo. 1893, p. 129, c. 77, provides for master's liability for injuries to his servant under certain circumstances, and requires as a condition to recovery the service of notice of the injury, etc., on the employer within 60 days after the occurrence. It also provides the maximum recovery, and establishes rules of procedure. Sess. Laws Colo. 1901, p. 161, c. 67, affirms the doctrine of master's liability for the negligent injury of a servant, abrogates the fellow-servant doctrine, etc., but contains no requirement of notice, limit of liability, or rules of procedure; and following a provision repealing all conflicting acts and parts of acts is a proviso that the act shall not be construed to repeal or change the existing laws relating to the rights of persons injured to maintain an action against the employer. *Held*, that the conditions, limitations, and procedure provided by the act of 1893 were not impliedly repealed by the act of 1901, and hence the failure of an employé injured by negligence of a fellow servant to give notice of his claim for injury as required by the act of 1893 was a complete defense to his action.

In Error to the Circuit Court of the United States for the District of Colorado.

E. T. Wells and John H. Chiles, for plaintiff in error.

W. R. Kelly, Willard Teller, and Clayton C. Dorsey, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and HOOK, District Judge.

HOOK, District Judge. Rudolph H. Lange, an employé of the Union Pacific Railroad Company, was injured at La Salle, Colo., in a collision between two trains of the company, caused by the negligence of his fellow servants, and he commenced this action in the Circuit Court to recover damages for the injuries he received. After the issues had been joined by complaint, answer, and replication, the company, by permission of the court, filed what was termed an "additional answer," presenting another ground of defense, in which it averred that no written notice of the time, place, or cause of the injury complained of was given to the company within 60 days after the occurrence of the accident, or at any time prior to the commencement of the action. Lange moved to strike this last pleading from the files, and, upon this being denied, he demurred on the ground that the additional answer did not state facts sufficient to constitute a defense. The demurrer was overruled, and Lange stood thereon, and declined to plead further, whereupon judgment was rendered in favor of the company, and Lange brought the cause to this court.

¶ 4. Repeal of statutes by implication, see note to First Nat. Bank v. Weidenbeck, 38 C. C. A. 136.

He presents four assignments of error, which are, however, but variant expressions of two general propositions: (1) That the Circuit Court committed error in allowing the filing of the pleading called an "additional answer," for the reasons (a) that no such pleading is known to the practice, and (b) if it is to be regarded as an amendment to the original answer there was no showing of good cause by affidavit, and no notice to the adverse party, as required by the practice act of Colorado (Mills' Ann. Code, § 75); (2) that error was committed in holding that the facts set forth in the additional answer constituted a defense to the action.

Although it is argued at length in the briefs, there is no merit in the contention concerning the name of the additional answer and the action of the court in allowing it to be filed. It is the context of a pleading which determines its character, and not the name chosen by the pleader. A name cannot give point or purpose to an ineffective pleading, nor destroy the substance of one which performs a lawful office. The additional answer setting forth a new and distinct ground of defense is amendatory in its nature, as it widens the scope of the pleading which it succeeds, and of which it is to be considered as a part. It is usual to tack the subsequent pleading to the original by appropriate words of reference, but certainly it has never been supposed that a failure to do so would render a judgment resting thereon erroneous. Whether the pleading in question should have been styled an additional answer, an amended answer, or by any other name of similar import, has no bearing whatever upon the merits of the controversy between the parties.

In granting permission to the company to file the amendatory pleading the circuit court was not controlled by the provisions of the Code of procedure of Colorado. Section 914, Rev. St. [U. S. Comp. St. 1901, p. 684], provides that the Circuit and District Courts of the United States in matters of practice, pleadings, and forms and modes of proceeding in actions at law shall conform as near as may be to the state practice, but it does not require those courts to follow the state practice in all its subordinate requirements or unimportant details. Those provisions may be rejected which, in the judgment of the court, would unwisely incumber the administration of the law, or tend to defeat the ends of justice. Railroad Co. v. Horst, 93 U. S. 291, 300, 23 L. Ed. 898; Railway Co. v. Botsford, 141 U. S. 250, 256, 11 Sup. Ct. 1000, 35 L. Ed. 734; Chappell v. United States, 160 U. S. 499, 514, 16 Sup. Ct. 397, 40 L. Ed. 510. In Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602, the court said that uniformity of practice was left by acts of Congress to be attained largely through the discretion of the national courts. Moreover, where Congress has legislated generally upon any such subject, the rules of the state practice in respect thereof are superseded, and the extent and limitations of the powers of the courts of the United States are to be found in the congressional enactments, and not in the laws of the states. As was said by this court in Bowden v. Burnham, 59 Fed. 752, 8 C. C. A. 248, the right of a federal court to allow amendments is given by section 954 of the Revised Statutes [U. S. Comp. St. 1901, p. 696], and exists quite independently of any state statute. Again,

the granting or refusal of leave to make amendments to pleadings is discretionary with the trial court, and its action is not reviewable except in a case of gross abuse of discretion. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453, 34 L. Ed. 1086; Dietz v. Lymer, 61 Fed. 792, 10 C. C. A. 71; Philip Schneider Brewing Co. v. American Ice-Mach. Co., 77 Fed. 138, 23 C. C. A. 89.

The other proposition which is pressed upon our attention as ground for reversing the judgment of the circuit court depends upon the effect to be given to two employers' liability acts of the Legislature of Colorado, passed in 1893 (Sess. Laws 1893, p. 129, c. 77) and 1901 (Sess. Laws 1901, p. 161, c. 67), respectively. By the act of 1893 it is provided that an employer shall be liable to an employé for personal injury in three classes of cases: (1) By reason of any negligent defect in the condition of the ways, works, or machinery connected with or used in the business of the employer; (2) by reason of the negligence of any person in the service of the employer intrusted with, or whose principal duty is that of exercising, superintendence; (3) by reason of the negligence of any person in the service of the employer who has charge or control of any switch, signal, locomotive engine, or train upon a railroad. The case before us falls within the class last mentioned. It is also provided in the act that no action for the recovery of compensation for any injury so caused shall be maintained unless written notice of the time, place, and cause of the injury be given to the employer within 60 days after the occurrence of the accident. The maximum of recovery for an injury resulting solely from the negligence of a co-employé is limited to $5,000. Rules of procedure are established for actions brought under the act. The provisions which are pertinent to the second and third classes as above enumerated obviously effect an abrogation of the rule of the common law so far as concerns cases in which the negligence complained of is that of a fellow servant of the injured person. The act of 1901 in general terms affirms the doctrine of the liability of the employer to the employé for the former's negligence or omission of duty, and, in addition thereto, entirely abrogates the fellow-servant doctrine, and provides that the employer shall be liable in all cases to the same extent as though the negligence of a co-employé was that of the employer himself. There is in this act no requirement of notice, no limit upon the liability of the employer, and no rule of procedure as contained in the prior law. Following a repeal of all conflicting acts and parts of acts is this proviso: "That this act shall not be construed to repeal or change the existing laws relating to the right of the person injured * * * to maintain an action against the employer." The question is whether, in the condition of the legislation in Colorado as thus stated, an employé may maintain an action against a railroad company for an injury there caused by the negligence of his co-employés in charge of a locomotive engine and train, without giving the notice required by the act of 1893. Was this act repealed by the later one, or is it still in full force and virtue? Counsel for the company contend that the act of 1901 is violative of both the federal and the state Constitutions if it is given the broad interpre-

tation claimed for it. They also urge that there is an irreconcilable conflict between the purview of the act and the proviso above quoted, in that the apparent purpose of the purview is to change existing laws; while the language of the proviso forbids any such change, and that consequently, under well-settled rules of statutory construction, the proviso overrides and destroys the purview of the act, and therefore the act itself. The needs of this case not requiring it, we refrain from expressing any opinion upon either of these contentions. Whether the purview and the proviso may be harmonized so that the act may stand in all of its parts, or, on the other hand, the proviso be eliminated as being repugnant to the purview, there is in neither event such a necessary inconsistency between the act of 1901, so construed, and the act of 1893, as would operate as a repeal of the latter. It is true that they occupy in part a common ground, but it is in harmony, not in hostility, that they do so. The older act contains conditions, limitations, and rules of procedure not found in the act of 1901. The scope of the latter, embracing as it does every relation of employer and employé, is much broader than that of the other. But these differences are not differences of conflict or repugnance. The conditions, limitations, and procedure of the act of 1893 are in their nature applicable to like causes arising under the act of 1901, which, in effect, is merely an extension and enlargement of the field of operation. We see no reason arising from conflict of terms why both acts cannot stand as jointly constituting the body of legislation upon the subject to which they relate. The act of 1893 is not repealed by implication, or, as suggested, because the act of 1901 was intended as a revision of and to include all of the statutory law upon its subject. It is familiar doctrine needing no citation of authority that repeals by implication are not favored, and that there must be clear and satisfactory evidence of the legislative purpose to effect such a result. As was observed in United States v. Hogg, 112 Fed. 909, 912, 50 C. C. A. 608, "the purpose of a revision is to revise, and not change or alter, the law, and a different purpose should be plain before justifying an intent to change." There is no such intent exhibited upon the face of the act of 1901. On the contrary, if the proviso remains in the act, it furnishes conclusive evidence of the legislative intent that the provisions of the prior act shall stand unimpaired; if the proviso be expelled, we are brought to no different conclusion.

Upon the record the failure of Lange to give the notice required by the act of 1893 is admitted. Such failure is fatal to his case. The enforcement of the liability of the company was, by the act which created it, conditioned upon the giving of the notice. Without compliance with the condition there can be no enforcement of the liability. The question as to the necessity of notice having been properly raised by the averments of the additional answer and Lange's demurrer thereto, it is unnecessary that we determine whether his petition was fatally defective in not affirmatively averring a compliance with the conditions of the act of 1893.

The judgment of the Circuit Court will be affirmed.