THE ST. LOUIS & SAN FRANCISCO RAILROAD COM-
PANY V. EDWIN LITTLE.

No. 14,998  (90 Pac. 447.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Employee—Notice before Beginning Ac-
tion.* The notice required to be given by chapter 393 of the
Laws of 1903 by an employee of a railroad company before
commencing an action to recover damages for personal in-
juries applies only to actions brought under the statute. The
present action was upon a common-law liability, and the
statutory notice was not required.

Error from Johnson district court; WINFIELD H.
SHELDON, judge. Opinion filed May 11, 1907. Af-
firmed.

*L. F. Parker, S. T. Seaton,* and *I. P. Dana,* for plain-
tiff in error.

*Keplinger & Trickett,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: Edwin Little brought this action
against the St. Louis & San Francisco Railroad Com-
pany and the Kansas City, Fort Scott & Memphis Rail-
way Company, jointly, to recover damages for per-
sonal injuries sustained by falling from one of their
alleged defectively equipped freight-engines, while in
the performance of duties imposed upon him as a
fireman on such engine. He recovered judgment
against the St. Louis & San Francisco Railroad Com-
pany, and it brings the case here for review.

The material allegations of the petition are: That
the defendants, the St. Louis & San Francisco Rail-
road Company and the Kansas City, Fort Scott & Mem-
phis Railway Company, are railroad corporations, and
are the owners of and operate a railroad into and
through Johnson county, Kansas; that on November
10, 1903, the plaintiff, Edwin Little, was in the employ

of the defendant companies, as fireman on engine
number 559, hauling a north-bound freight-train; that
at Ocheltree, Johnson county, Kansas, on the night of
that day, the engine and freight-train were side-
tracked to let a south-bound passenger-train go by;
that plaintiff was ordered by the engineer to go for-
ward and "blind" the headlight on the engine with
his coat, plaintiff having found out several stations
south that the "cap" usually provided for that purpose
was not upon the engine; that plaintiff went forward
on the foot-board running along the engineer's side
of the engine, and stepped upon the "handhold," a
round bar or pipe which is fastened to brackets to
step upon to get up to the headlight, and which, when
in proper condition, is pinned or fastened at each end
so that it will not turn or slip when stepped upon;
that as he stepped upon this handhold, by reason of
its not being fastened at the ends, it turned under his
foot and he was dashed to the ground, a distance of
eight feet, receiving physical injuries to his damage
in the sum of $1900. Plaintiff averred that it was
his first trip on this engine and that he had no knowl-
edge of the condition of the handhold, or foot-rest,
and that in the performance of his duties he relied
upon the foot-rest, or handhold, being in proper con-
dition and fastened, so that it would not turn when
stepped upon, and that his injuries were caused with-
out any fault upon his part, but were caused by the
negligence and carelessness of the defendants in not
having (1) a cap to cover the headlight, and (2) in
not having the foot-rest, or handhold, fastened at the
ends so that the same would not turn; and averred
that defendants well knew of the conditions, or might
have known of the same, in time to have repaired
them before plaintiff was injured.

It appears that when running a freight-train in the
night-time on the St. Louis & San Francisco railroad,
if it becomes necessary to side-track for a train going
in the opposite direction, it is the duty of the fireman

on the side-tracked freight-engine to hood the headlight, in order that the engineer on the approaching train may know that the train on the side-track is "in the clear." For this purpose each engine is provided with a tin cap, or curtain, which may readily be adjusted as a hood, or shade, over the headlight. To perform this duty the fireman must pass out of the cab by a window on his own side and go upon what is called a running-board along the boiler, and then climb upon a hand-rail in order to reach the cap, or curtain. This hand-rail is a round iron pipe one and a half inches thick, held in place by brackets attached to the boiler, in which there are holes through which the hand-rail is placed.

On the trip which was being made when Little received his injuries his train was first side-tracked at Boicourt. He, as fireman, went forward to hood the headlight, and discovered that the engine contained neither a cap nor curtain attachment. He therefore put out the light. For this the engineer reproved him, and instructed him not to put it out again but to put his coat over it. When they arrived at Ocheltree the train was again side-tracked. Little went out on the fireman's side, climbed upon the hand-rail and put his coat over the headlight, but the wind was blowing so strong from the opposite direction that he could not keep his coat over the headlight. He got down and went around on the engineer's side and climbed upon the hand-rail, that he might have a favorable wind to hold his coat over the light. While in this position and while holding his coat he alleges that the hand-rail turned and that he fell to the ground, receiving the injuries for which he recovered damages.

The plaintiff in error's first contention is that, since the petition charged the negligent acts which caused his injury to have been the joint acts of the two railway companies, a failure to prove that they were jointly liable was a failure to prove his cause of action as alleged in his petition. This precise question was

decided against this contention at this term, in *Railroad Co. v. Noland, ante,* p. 691.

The second contention is that plaintiff failed to give the notice required by chapter 393 of the Laws of 1903, and therefore no recovery can be had. This chapter reads:

"Every railroad company organized or doing business in this state shall be liable for all damages done to any employee of said company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employees, to any person sustaining such damage; provided, that notice in writing of the injury so sustained, stating the time and place thereof, shall have been given by or on behalf of the person injured to such railroad company within ninety days after the occurrence of the accident."

This chapter is an amendment of the statute popularly called the fellow-servant act, which changed the common-law rule and gives an employee a cause of action where none existed at common law. It creates a liability against railroad companies for injuries to their employees occasioned by the negligence of a fellow servant. The plaintiff did not sue under this statute, but charged a common-law liability, arising out of the neglect or omission of the defendant to furnish him a safe place to work and safe appliances to work with. His claim was that the company had not furnished him an engine properly equipped with the necessary appliances to shade the headlight—such as were generally used for that purpose, the absence of which compelled him, in the performance of his duty, to imperil himself by having to stand on the hand-rail and hold his coat over the headlight.

It is not shown in the evidence whether the hand-rail was ever tight, in the sense that it would not turn. It might be perfectly safe as a hand-rail and turn in the loops on the ends of the iron brackets attached to the boiler through which it passed. The negligent conduct of the defendant which gave plain-

tiff his right of action was in requiring him to perform certain duties in the operation of an engine which was defectively equipped, in the performance of which duties, and by reason of the defective equipments, he sustained an injury. The evidence was sufficient to support the verdict.

The judgment is affirmed.