ISAIAH SWISHER, as *Administrator, etc.*, V. THE ATCHI-
SON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 15,083.  (90 Pac. 812.)

SYLLABUS BY THE COURT.

1. STATUTORY ACTIONS — *Foreign Statute — Limitation — Con-
struction—Comity.* Where a cause of action which did not
exist at common law is created by the statute of another
state or territory, such cause of action, when presented to
the courts of this state for enforcement, will be held to con-
sist not merely of the right given but also of all the condi-
tions and limitations attached thereto by the statute of the
place where it was created.

2. —————— *Death by Wrongful Act—Notice a Condition Prece-
dent.* The law of the territory of New Mexico created a
cause of action in favor of certain relatives of persons whose
death might be caused by the negligence or wrongful act of
another. By the same statute it was made the duty of the
person seeking to enforce such cause of action to serve upon
the defendant a notice containing certain specified facts
within ninety days after the injury. The clause of the stat-
ute concerning the necessity of such notice reads: "It being
hereby expressly provided and understood that such right of
action is given only on the understanding that the foregoing
conditions precedent are made a part of the law under which
[a] right to recover can exist for such injuries, except as
herein otherwise provided." (Laws N. M. 1903, ch. 33, § 1.)
*Held*, that such notice is an essential part of the right given,
and must be served as provided before an action to enforce
the cause of action can be maintained in the courts of this
state.

Error from Dickinson district court; OSCAR L.
MOORE, judge. Opinion filed June 8, 1907. Affirmed.

STATEMENT.

ON May 2, 1905, John W. Swisher was killed in New
Mexico by the explosion of a locomotive engine, while
he was engaged as fireman thereon for the Atchison,
Topeka & Santa Fe Railway Company. The deceased
was twenty-four years of age, and unmarried.' His
parents, who resided in Abilene, Dickinson county,

7—76 KAN.

Kansas, were his only surviving heirs at law and next of kin.

Isaiah Swisher, father of the deceased, was duly appointed administrator of the estate of John W. Swisher, in Dickinson county, Kansas, and commenced this action in the district court of that county on September 12, 1905. The pleadings were amended several times, and on December 20, 1905, a second amended petition was filed. This pleading contained the usual averments of a petition in such a case, except that, as a foundation for the right of action, it alleged the existence of a statute of New Mexico creating a right of action in favor of the next of kin for damages sustained on account of the death of a relative caused by the negligence or wrongful act of another. It will be sufficient, without reproducing the law, to say that it is substantially like other statutes of its kind, differing in procedure and details. It was enacted in 1891 and 1893, and reenacted in the compiled laws of 1897.

To this petition the defendant filed an answer, in which it alleged that the law of New Mexico pleaded by the plaintiff was amended in 1903 in some important particulars. The amendatory act was set out in full. Section 1 of the law reads:

"Hereafter there shall be no civil liability under either the common law or any statute of this territory on the part of any person or corporation for personal injuries inflicted or death caused by such person or corporation in this territory, unless the person claiming damages therefor shall within ninety days after such injuries shall have been inflicted make and serve upon the person or corporation against whom the same is claimed, and at least thirty days before commencing suit to recover judgment therefor, an affidavit which shall be made before some officer within this territory who is authorized to administer oaths, in which the affiant shall state his name and address, the name of the person receiving such injuries, if such person be other than the affiant, the character and extent of such injuries in so far as the same may be known to affiant, the way or manner in which such injuries were caused in so far as the affiant has any knowledge thereof, and

the names and addresses of all witnesses to the happening of the facts or any part thereof causing such injuries as may at such time be known to affiant, and unless the person so claiming such damages shall also commence an action to recover the same within one year after such injuries occur, in the district court of this territory in and for the county in which such injuries occur, or in and for the county of this territory where the claimant or person against whom such claim is asserted resides, or, in event such claim is asserted against a corporation, in the county in this territory where such corporation has its principal place of business; and said suit after having been commenced shall not be dismissed by plaintiff unless by written consent of the defendant filed in the case or for good cause shown to the court; it being hereby expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a part of the law under which [a] right to recover can exist for such injuries, except as herein otherwise provided." (Laws N. Mex., 1903, ch. 33.)

There is no averment in the petition that the notice prescribed by this section was given.

Section 2 is immaterial to the questions in controversy. Section 3 of the act makes it unlawful to institute a suit for such damages in any other state or territory.

To this answer the plaintiff demurred. The demurrer was overruled, and plaintiff brings the ruling here for review.

*Edward C. Little,* for plaintiff in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The position of the plaintiff is that by the death of John W. Swisher a cause of action arose under the laws of New Mexico in favor of the surviving parents of the deceased; that this cause of action was complete in itself, and depended solely upon the

fact that John W. Swisher lost his life by the negligent act of the defendant. It is further claimed that this cause of action should be regarded as a right which may be enforced in New Mexico or elsewhere, the same as the collection of a valid unpaid promissory note which the deceased might have held at the time of his death would be enforced. The statutory provisions relating to the service of notices and other preliminary steps to be taken before bringing suit to enforce the right are regarded by the plaintiff as mere matters of procedure, which inhere in the remedy but do not affect the right of action; that all such matters, being of the remedy, are governed by the *lex fori* and are independent of the *lex loci*. He insists that New Mexico cannot create a complete cause of action and then defeat its enforcement in Kansas by mere matters of procedure, which can have no extra-territorial force. He claims to be fully sustained in this contention by section 1 of chapter 325 of the Laws of 1905, which reads:

"Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be sued upon in any of the courts of this state, by the person or persons who are authorized to bring and maintain an action thereon in the state or territory where the same arose, provided one or more of the parties entitled to 'the proceeds of said action are at the time of beginning said action residents of the state of Kansas."

On the other hand, the defendant insists that the provisions of the amendatory act of 1903 must be construed as a part of the former statute, and that the two statutes taken together constitute the law which gives the cause of action; that no such right existed at common law, and none exists in New Mexico except as created by this statute, and it must therefore be taken with all the conditions and limitations attached thereto. It further insists that the notice required by section 1 of the act of 1903 is not a matter of procedure, but an essential part of the right given, and is expressly made

Swisher v. Railway Co.

a condition precedent to its enjoyment. This is said to be plainly indicated by the last clause of the section, which reads:

"It being hereby expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a part of the law under which [a] right to recover can exist for such injuries, except as herein otherwise provided."

The contention of the defendant seems to be clearly expressed in the statute, and abundantly sustained by authority. In the case of *Dennis v. Railroad Company*, 70 S. C. 254, 49 S. E. 869, 106 Am. St. Rep. 746, the deceased was killed in the state of North Carolina, where the statute giving the right of action required suit to be commenced by the next of kin within one year after the death of the decedent. Action was brought in the state of South Carolina, where the limitation for such action was two years. The action was commenced within two years, but more than one year after the deceased died. It was there contended that the time fixed within which the action should be commenced was a mere statute of limitation, which, being purely of the remedy, was controlled by the *lex fori*, which was two years, and therefore the action was brought in time. The court held, however, that the one year named in the statute giving the right of action was a part thereof and must control wherever the right might be enforced. In the case of *Negaubauer v. Great Northern Ry. Co.*, 92 Minn. 184, 99 N. W. 620, 104 Am. St. Rep. 674, it was said:

"It is well settled that where by statute a right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right, and will control, no matter in what forum the action is brought." (Page 185.)

The cases upon this subject are collected and cited in *Rodman v. Railway Co.*, 65 Kan. 645, 70 Pac. 642, 59

L. R. A. 704. In *Poff v. Telephone Co.*, 72 N. H. 164, 55 Atl. 891, the court said:

"The plaintiff's right to maintain this suit is not greater than the legislature intended it should be. The language of the special provisions applicable leave no room to doubt that the right and the correlative liability thereby established were made conditional upon the bringing of the suit 'at any time within two years after the death of the deceased party, and not afterward.' The cause of action is conditional. If the condition is not observed, the parties stand with respect to the wrongful act as though the statute had not been enacted. 'It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all.'" (Page 165.)

It does not seem reasonable that a cause of action created by the law of one state should be materially enlarged when the beneficiary moves across the state line and appeals to the courts of another state to enforce his imported right. The rule of state comity does not contemplate such a result.

We think that an action in this state for a wrongful death occasioned in another state or territory is encumbered with all the limitations and burdens which may have been imposed by the statutes of the state where the right of action was created. In this case the notice provided by section 1 of the act of 1903 is an essential part of the cause of action, and until such notice is given no cause or right of action exists, either in New Mexico or elsewhere. The ruling of the district court on the demurrer was therefore correct, and its judgment is affirmed.