## DENVER & R. G. R. CO. v. WAGNER.

(Circuit Court of Appeals, Eighth Circuit. December 21, 1908. On Rehearing, February 26, 1909.)

### No. 2,845.

1. RAILROADS (§ 33*)—OPERATION—COMPLIANCE WITH TERRITORIAL LAWS—PRESUMPTION.

Where a petition alleged that defendant railroad company was operating a railroad in New Mexico Territory, in which the injury occurred, and it could not lawfully do so without complying with Laws N. M. 1903, p. 51, c. 33, commanding every railroad corporation operating in the territory to file a copy of its charter with the Territorial Secretary, give its principal place of business therein, and designate some person on whom process might be served, it would be presumed that defendant had complied therewith.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 33.*]

2. PLEADING (§ 59*)—PRECEDENT CONDITIONS—COMPLIANCE—EXCUSE.

A petition must show compliance with precedent conditions, or must aver an excuse.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 124–127; Dec. Dig. § 59.*]

3. APPEAL AND ERROR (§ 256*)—RULINGS ON PLEADINGS—EXCEPTIONS.

The striking of a portion of defendant's answer cannot be assigned for error, where no exception was taken thereto at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1489; Dec. Dig. § 256.*]

4. EVIDENCE (§ 29*)—JUDICIAL NOTICE—STATUTES.

The federal courts take judicial notice of the public statute laws of the states and territories of the United States without their being pleaded or proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 48; Dec. Dig. § 29.*

Judicial notice of public laws and regulations, see note to Smith v. City of Shakopee, 44 C. C. A. 4.]

5. EVIDENCE (§ 29*)—JUDICIAL NOTICE—AMENDATORY ACTS.

Where a petition disclosed on its face a cause of action predicated on a special statute of a territory, the Circuit Court of Appeals would take notice of an amendatory act as inseparable from the statute declared on.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 48; Dec. Dig. § 29.*]

6. TRIAL (§ 169*) — OBJECTIONS TO PLEADING—FAILURE TO RAISE—OBJECTIONS TO EVIDENCE.

Mills' Ann. Code Colo. § 55, provides that if objection to a petition is not taken by demurrer or answer, defendant shall be deemed to have waived it, except that the objection that the petition does not state facts to constitute a cause of action may be raised at any time. *Held*, that an objection to a petition for want of facts in failing to allege compliance with conditions precedent was effectually raised by defendant's motion for a directed verdict at the close of all the evidence and an exception saved to the denial thereof.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 169.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. ACTION (§ 10\*)—CONDITION PRECEDENT—COMPLIANCE.**

A party given a right of action by local statute cannot escape performance of precedent acts which condition the right by resort to the forum of another jurisdiction.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 10.\*]

**8. DEATH (§ 51\*) — DEATH OF PASSENGER — PETITION — CONDITION PRECEDENT —COMPLIANCE WITH STATE STATUTES.**

A petition for death of a passenger under the statutes of New Mexico, giving a right of action to the surviving widow of a person killed by wrongful act, which failed to allege notice to the carrier served within the territory, as required by Laws N. M. 1903, p. 51, c. 33, amending the statute under which the action was brought, was fatally defective.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 51.\*]

**9. ACTION (§ 11\*)—PERSONAL INJURIES—NOTICE—STATUTES—POLICE POWER.**

Laws N. M. 1903, p. 51, c. 33, in so far as it requires notice to the defendant of injuries to persons claiming damages within 90 days and the commencement of suit within a year after the injuries occurred, constituted a valid exercise of police power.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 11.\*]

**10. STATUTES (§ 64\*)—PARTIAL INVALIDITY—SEVERANCE.**

The provisions of Laws N. M. 1903, p. 51, c. 33, requiring notice of personal injuries within 90 days and the commencement of suit within a year, being valid and severable from the provision requiring such suits to be brought in the District Court of the territory, were unaffected by any objection that might be made to the latter provision.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66; Dec. Dig. § 64.\*]

### On Rehearing.

**11. RAILROADS (§ 33\*)—TERRITORIAL LAWS—DISAPPROVAL BY CONGRESS.**

Laws N. M. 1903, p. 51, c. 33, requiring notice to defendant of injuries to persons claiming damages within 90 days and the commencement of suit within a year after the injuries occurred, prior to its disapproval by Congress, was applicable to a cause of action against a railroad company that could be served within the territory, under Comp. Laws N. M. 1897, § 2963, providing that service might be made on any station agent or on a passenger or freight conductor of the defendant.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 33.\*]

**12. STATUTES (§ 56\*)—TERRITORIAL LAWS—DISAPPROVAL BY CONGRESS.**

Under Organic Act N. M. (Act Sept. 9, 1850, c. 49, 9 Stat. 449) § 7, providing that all laws passed by the Legislative Assembly and Governor shall be submitted to the United States Congress, and, if disapproved, shall be void, Laws N. M. 1903, p. 51, c. 33, requiring notice to the defendant of injuries to persons claiming damages within 90 days and the commencement of suit within a year, which was in force for five years before its disapproval by Congress, was valid and enforceable during such period.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 17; Dec. Dig. § 56.\*]

**13. STATUTES (§ 56\*)—TERRITORIAL LAWS—DISAPPROVAL BY CONGRESS.**

The New Mexico Legislature having conferred a right of action for damages resulting from death, which did not exist at common law, by Laws 1903, p. 51, c. 33, declared that such right should be exercised only on condition that within 90 days after the given cause of action arose plaintiff should give specified notice to defendant. *Held*, that such provision was not in the nature of a limitation on the right of action, but was a condition precedent thereto, so that where plaintiff had not complied therewith, and therefore could not maintain her cause of action

---

while the act was in force, the subsequent disapproval of the act by Congress did not entitle plaintiff to sue.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 56.*]

In Error to the Circuit Court of the United States for the District of Colorado.

T. L. Philips (E. N. Clark, on the brief), for plaintiff in error.

Charles A. Clark (M. B. Carpenter, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. This is an action for damages by the widow of Henry A. Wagner on account of his death, resulting from injuries alleged to have been received by the derailment of a coach in which he was a passenger on the defendant railroad in New Mexico. The only material allegations of the petition are that said Wagner, on the 20th day of October, 1905, was a passenger for hire on the defendant's train of cars, which was so derailed through the negligence and carelessness of the defendant, and that by the statute of the territory of New Mexico a right of action is given to the surviving widow of the deceased.

After taking issue on the material allegations of the petition, the answer pleaded the statute of the territory entitled "An act establishing the law and procedure in certain cases," constituting a portion of chapter 33, Laws N. M. 1903, p. 51, which was amendatory of the statute giving the right of action to the surviving widow. After reciting in the preamble that it had become customary for persons claiming damages for personal injuries received in the territory to institute suits for recovery thereof in other states and territories, to the annoyance and oppression of the business interests of the territory and in derogation of the dignity of its courts, it declared that thereafter there should be no civil liability under either the common law or any statute of the territory on the part of any person or corporation for any personal injuries inflicted or death caused by such person or corporation in the territory, unless the person claiming damages therefor shall within 90 days after such injuries shall have been inflicted make and serve upon the person or corporation against whom the same is claimed, and at least 30 days before commencing suit, an affidavit, made before some officer within the territory authorized to administer oaths, in which the affiant shall state his name and address, the name of the person receiving the injury, if such person be other than the affiant, the character and extent of such injury in so far as the same may be known to affiant, the way or manner in which such injury was caused, in so far as the affiant has any knowledge, the names and addresses of witnesses to the happening of the facts or any part thereof known to the affiant; and unless the person so claiming such damages shall also commence an action to recover the same within one year after such injuries occur, in the District Court of the territory in and for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the county in which such injuries occur, or in and for the county of the territory where the claimant or person against whom such claim is asserted resides, or, in the event such claim is asserted against a corporation, in the county in the territory where such corporation has its principal place of business; and said suit after having been commenced shall not be dismissed by the plaintiff unless by the written consent of the defendant filed in the case, or for good cause shown to the court; it being expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a part of the law under which right to recover can exist for such injuries, except as herein otherwise provided. The act not to apply to cases in which the person or corporation against whom damages are claimed cannot be duly served with process in this territory. The answer then alleged that neither the plaintiff nor any one for her, within 90 days after the injuries alleged, or at any other time, made or served upon the defendant the required affidavit; and that the plaintiff has not attempted in any manner to comply with the provisions of said statute; and that the defendant could at all the times in said complaint mentioned and thenceforth have been served with process in said territory. Said special matter of defense so pleaded was, on motion of the plaintiff below, stricken out by the court. On trial to a jury there was a verdict and judgment for the plaintiff in the sum of $5,000, to reverse which the defendant below prosecutes this writ of error.

The statute of the territory enacted at the same session commanded that every railroad corporation operating in the territory should file its charter with the Secretary of the Territory, giving its principal place of business therein, designating some person upon whom service of process could be had in an action against the railroad company. As the petition alleges that the railroad company was operating a railroad in the territory in which the injury occurred, and as it could not so operate therein without complying with the foregoing statute, every person being presumed to obey the law until the contrary is made to appear, we must assume that the defendant company had complied with the statute, so that at the time of the accident and thenceforth there was such designated place of business and agent upon whom service of process and notice could have been made. We are required to assume further, on settled principles of law, that this condition of compliance with the statute thereafter continued to exist. The petition must show compliance with the precedent conditions, or, if they could not be complied with for any reason, the pleader should aver the excuse.

The action of the court in striking out said portion of the answer was based upon the assumption that the statute is not applicable where the suit is instituted in a foreign jurisdiction, such as in the state of Colorado. As the record fails to show that the defendant saved any exception to this action of the court, it may not here be assigned for error. Notwithstanding this oversight of counsel, the defense was, nevertheless, open to the defendant. The federal courts take judicial notice of the public statute laws of the states and territories of the

United States. They do not have to be pleaded or proved for such purpose. The petition discloses on its face that the action is predicated of a special statute of the territory, and this court will take cognizance of said amendatory act as inseparable from the statute declared on.

It is the recognized rule of procedure in the state of Colorado that, if the petition on its face does not show compliance with a statute giving a right of action in its essential prerequisites, objection thereto may be interposed by objecting to the introduction of any evidence at the trial; and it was effectually raised by the motion made by the defendant at the close of all the evidence for a directed verdict, and exception duly saved. Mills' Ann. Code Colo. § 55; Laws 1887, p. 111, c. 4; Marriott v. Clise, 12 Colo. 561, 563, 564, 21 Pac. 909; Toothaker v. City of Boulder, 13 Colo. 219, 223, 22 Pac. 468; McKee v. Howe, Adm'r, 17 Colo. 538, 539, 31 Pac. 115; Mackey v. Monahan, 13 Colo. App. 144, 146, 56 Pac. 680; Hall v. Linn, 8 Colo. 264, 268, 5 Pac. 641; Carpenter v. Sibley (Cal.) 94 Pac. 879, 15 L. R. A. (N. S.) 1143, decided March 13, 1908. This is logically correct, for the reason that the request for a directed verdict suggests, under the law and the undisputed evidence applied thereto, that the plaintiff is not entitled to recover.

It is not to be entertained that a party given a right of action by a local statute can escape the performance of precedent acts, which condition the right, by resort to the forum of another jurisdiction. In upholding the statute of the state of Ohio, declaring that no action is maintainable in that state for wrongful death occurring in another state, except where the deceased was at the time of death a citizen of Ohio, the Supreme Court, in Chambers v. Baltimore & O. R. R. Co., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143, held that the restriction operated equally upon the representative of the deceased, whether a citizen of Ohio or some other state; that the state, in the exercise of its police power, decides for itself to what extent actions may be instituted. Different states may have different policies at different times. The only constitutional limitation upon its exercise is that any policy it chooses to adopt must operate in the same way on its own citizens and those of other states.

This statute of New Mexico was directly involved in the germane case of Swisher v. A. T. & S. F. Ry. Co., 76 Kan. 97, 90 Pac. 812. The action was brought in a district court of Kansas by the representative of the deceased to recover damages against the railroad company for an injury resulting in death occurring in the territory of New Mexico. The Supreme Court of Kansas said:

"It does not seem reasonable that a cause of action created by the law of one state should be materially enlarged when the beneficiary moves across the state line and appeals to the court of another state to enforce his impaired right. The rule of state comity does not imply such a result. We think that an action in this state for a wrongful death occurring in another state or territory is incumbered with all the limitations and burdens which may have been imposed by the statutes of the state where the right of action was created. In this case the notice provided by section 1 of the act of 1903 is an essential part of the cause of action, and until such notice is given no cause or right of action exists either in New Mexico or elsewhere."

This rule is recognized in The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; in which it is held that, in an action based on a statute conditioning the right given, it is incumbent on the plaintiff to plead the performance of such condition, and the defendant is not required to plead the limitation in the statute to entitle him to insist upon the objection that the action was not brought within time, etc. Chief Justice Waite, among other things, said:

"The liability and the remedy are created by the same statute, and the limitations of the remedy are, therefore, to be treated as limitations of the right."

In Stern v. La Campagnie Generale Transatlantique (D. C.) 110 Fed. 996, it was held that, in an action based on a statute making the giving of such notice and the time of bringing such suit express conditions of the right, it is incumbent upon the plaintiff to plead the performance of such conditions, and the defendant is not required to plead them to entitle him to insist on the objection at the trial.

So Judge Hook, in Lange v. Union Pacific R. Co., 126 Fed. 338, 342, 62 C. C. A. 48, 52, said that:

"Failure to give the notice is fatal to the case. The enforcement of the liability of the company was, by the act which created it, conditioned upon the giving of the notice. Without compliance with the condition there can be no enforcement of the liability."

This is obviously so for the reason that pleading the statute must be stating the facts which bring the case within it; "and counting on it the strict language of pleading is making express reference to it by apt terms to show the source and right relied on." Howser v. Melcher, 40 Mich. 185; Chicago, etc., Ry. Co. v. Sturgis, 44 Mich 538, 7 N. W. 213; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Hall v. Bumstead, 20 Pick. (Mass.) 2; Berry v. Stinson, 23 Me. 140; King v. Felton, 63 Cal. 66; Colorado Springs Co. v. Hopkins, 5 Colo. 206; Barker v. Hannibal & St. Joe Railway Company, 91 Mo. 86, 14 S. W. 280.

The absence of any allegation in the petition that the required notice had been given, and the absence of any proof thereof, entitled the defendant to the directed verdict requested, without considering or determining any other question of law in the case, unless the contention of plaintiff's counsel be well made that the amendatory act of 1903 is invalid. This contention is predicated, first, of the assumption that by its phraseology the act is made to apply to an injury resulting from the carrier's negligence toward the passenger where death does not ensue, and, as such cause of action exists at common law independent of the statute, it is not competent for the Legislature to condition its exercise, as sought by the statute in question. And, as the other provision of the statute limiting the right of action where death ensues is inseparably connected therewith, the whole provision must fall. Why may not the Legislature, in the exercise of the police power, impose upon the party injured the duty of giving notice within a given time of the fact of the injury and claim of damage therefor? Is it in legal effect anywise different from the short time limited in which actions for personal injuries shall be brought? It does not take away the common-law right of action. Such legislation rests

upon principles of sound policy. The incident of an injury claimed to have resulted from the negligence of the carrier or master may be wholly unknown at the time to the company or the master. Unless advised thereof by the complainant, the latter may wait years, as the statute of limitations may be, before instituting suit, and other witnesses to the accident may have scattered and the means of knowledge have lessened or become entirely lost to the carrier or master; while the actor has always his own testimony, and can keep in view his witnesses. By giving notice of his claim, it affords the defendant an opportunity to make inquiry to ascertain the facts, and, perhaps, to adjust the claim on more equal grounds. The surviving injured party has the advantage of his own testimony and assistance, and it would, therefore, seem to be more reasonable why he should be required to give such notice than in the case of death of the injured person.

The validity of such statutes in the case of injury to a servant has been approved by courts of recognized authority. Healey v. Blake Mfg. Co., 180 Mass. 270, 62 N. E. 270; Cahill v. New England Telephone & Telegraph Company, 193 Mass. 415, 79 N. E. 821; Colorado Milling & Elevator Company v. Mitchell, 26 Colo. 284, 58 Pac. 28; Barry v. Desk Company, 121 App. Div. 810, 106 N. Y. Supp. 575; Finnegan v. Contracting Company, 122 App. Div. 712, 107 N. Y. Supp. 855; St. Louis & S. F. R. R. Co. v. Little, 75 Kan. 716, 90 Pac. 447; Pullman Company v. Woodfolk, 121 Ill. App. 321; Moyle v. Jenkins (1881) L. R. 8 Q. B. Div. 116.

Like statutes requiring notice to municipal corporations in case of personal injuries have been upheld. Ulbrecht v. City of Keokuk, 124 Iowa, 1, 97 N. W. 1082; Tattan v. City of Detroit, 128 Mich. 650, 87 N. W. 894; Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029; Schmidt v. City of Fremont, 70 Neb. 577, 97 N. W. 830; Fugere v. Cook, 27 R. I. 134, 60 Atl. 1067.

The second contention is that it was not within the competency of the Legislature to restrict the venue of such actions to the courts of the territory. Even if this were conceded, which we need not decide, it would not follow that the provision respecting the giving of notice as a precedent act to the right of action would fall because contained in the same statute. It is the settled rule of construction that a given portion of a statute may be in part invalid, but, if other parts separately considered are valid, that which is valid may stand while the other may be rejected, unless the parts are so mutually connected and interdependent, indicating "considerations or compensations for each other, as to warrant the belief that the Legislature intended them as a whole, and that if all could not be carried into effect the Legislature would not have passed the residue independently." Warren v. Mayor & Aldermen, 2 Gray (Mass.) 84. The two provisions in question may be regarded as separable and independently enforceable. Allen v. Louisiana, 103 U. S. 80, 26 L. Ed. 318; Railroad Companies v. Schutte, 103 U. S. 119, 26 L. Ed. 327; Noble v. Mitchell, 164 U. S., loc. cit. 372, 17 L. Ed. 110, 41 L. Ed. 472; Diamond Glue Company v. United States Glue Company, 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328; Jaehne v. New York, 128 U. S. 189, 9 Sup. Ct. 70, 32 L. Ed. 398.

167 F.—6

The judgment of the Circuit Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

## On Rehearing.

PER CURIAM. The motion for rehearing is predicated of two grounds: (1) That the territorial statute of 1903 (Laws N. M. 1903, p. 51, c. 33), requiring every railroad corporation doing business in the territory to file its charter, giving its "principal place of business" and designating some person upon whom service of process could be had, was repealed before the plaintiff's cause of action accrued. (2) The statute of 1903, which amended the prior statute giving the right of action for wrongful death, by imposing the conditions therein expressed in the original opinion herein, was disapproved by Congress on May 13, 1908, after the judgment in the trial court, and after the cause was brought to this court for review on writ of error, but before the final decision in this court. 35 Stat. 573.

The suggestion in the original opinion respecting the provision "where such corporation has its principal place of business" was merely arguendo, on the assumption of its existence and validity. The Supreme Court of the territory, in Singer Manufacturing Company v. Hardee et al., 4 Johns. (N. M.) 175, 16 Pac. 605, decided in 1888, held that the provision of the statute requiring foreign corporations doing business in the territory to do certain acts as a condition under which they could transact business therein, was invalid in so far as it constituted a regulation of interstate commerce, and that a failure to comply therewith was no defense to an action by the foreign corporation against a local defaulting agent. That provision of the statute was repealed by act of the Legislature in 1905. It does not follow, however, that a rehearing should be granted because of the reference to that statute in the opinion. Section 5 of the amendatory act of 1903 provided that:

"This act shall not apply to cases in which the person or corporation against whom damages for personal injuries are claimed cannot be duly served with process in this territory."

Section 2963, Comp. Laws N. M. 1897, in force at the time of the injury in question, provides that service of process may be had upon any station agent at any station or depot along the line within any county in the territory, and, if there be no such station or agent, service may be made upon any conductor of a passenger or freight train of such company. Therefore it cannot be claimed that there was no method under an existing valid statute of New Mexico of obtaining service upon a foreign railroad corporation operating within the territory.

In respect of the second ground of the motion, that the said statute of 1903 was disapproved of by Congress before the decision of this case on writ of error, we deem it proper to say that this fact was not called to the attention of the court, either in the brief of counsel or at the hearing; otherwise, the effect of it would have been considered and disposed of in the opinion. It is sufficient, however, to say that, had the fact been called to the attention of the court, it

would not have altered the result. The disapproving resolution of Congress was predicated of section 7 of the organic act of the territory (Act Sept. 9, 1850, c. 49, 9 Stat. 449), which, aliunde, provides that:

"All laws passed by the legislative assembly and governor shall be submitted to the Congress of the United States, and, if disapproved, shall be null and of no effect."

A similar provision is found in the General Statutes of the United States (section 1850), applicable to all territories not excepted therefrom. Presumptively the territorial legislative acts are submitted to Congress within a reasonable time after adoption. Said provision of the organic act does not require any action to be taken by Congress to validate territorial enactments. It only provides that, when the enactments are disapproved, they shall thenceforth be null and of no effect. The legislative act of New Mexico passed in 1903 had stood for five years before its disapproval by Congress. Up to the day of its disapproval it was the law of the territory, unless at its inception it was not within the first clause of said section 7 of the organic act, which declares:

"That the legislative power of the territory shall extend to all rightful subjects of legislation, consistent with the Constitution of the United States and the provisions of this act."

There is no foundation for the contention that the provision of the act of 1903 in question, as shown by the original opinion herein, is inconsistent with the Constitution of the United States or the provisions of the organic act; and therefore, until disapproved by Congress, it was the law of the territory, in force and operative. Accordingly it was said in Miners' Bank v. State of Iowa, 12 How. 7, 13 L. Ed. 867:

"Congress, in creating the territorial governments, and in conferring upon them powers of general legislation, did not, from obvious principles of policy and necessity, ordain a suspension of all acts proceeding from those powers, until expressly sanctioned by themselves, whilst for considerations equally strong they reserved the power of disapproving or annulling such acts of territorial legislation as might be deemed detrimental. A different system of procedure would have been fatal to all practical improvement in those territories, however urgently called for—nay, might have disarmed them of the very power of self-preservation. An invasion, or insurrection, or any other crisis demanding the most strenuous action, would have had to remain without preventive or remedy, till Congress, if not in session, could be convened, or, when in session, must have awaited its possibly procrastinated aid."

So in Walker v. New Mexico & Southern Pacific Railroad Co., 165 U. S. 593, loc. cit. 604, 17 Sup. Ct. 421, 41 L. Ed. 837, Mr. Justice Brewer observed:

"New Mexico is a territory; but in it the Legislature has all legislative power, except as limited by the Constitution of the United States and the organic act and the laws of Congress appertaining thereto."

The same idea is expressed in Hornbuckle v. Toombs, 18 Wall. 648, loc. cit. 655, 21 L. Ed. 966.

Counsel's whole argument in support of the motion for rehearing is based upon a false premise, to wit: That the provision of the amendatory act of 1903, requiring the giving of notice within 90 days

after the injury, pertains merely to matter of procedure, and was in the nature of a statute of limitation on the right of action; and, therefore, when the statute was disapproved by Congress, it was like a repealing act affecting the remedy, passed while the case is on appeal and before final judgment thereon, either destroying the right of appeal or removing the bar. The Legislature of New Mexico gave to the defendant in error a right of action for damages resulting from death—a right which did not exist at common law. The Legislature which gave that right, by the act of 1903, declared that it could be exercised only on the condition that within 90 days after the given cause of action arose, the plaintiff should give the specified notice. This was a condition precedent to the right of action, the nonperformance of which took away the cause of action. When this injury occurred, and this suit was brought, the act of 1903 was a valid law, in force and effect. Under it, when this suit was brought, the plaintiff had no cause of action, as she had not performed the condition precedent. The subsequent disapproval by Congress was prospective only in its operation. It did not have the effect to revivify that which had been dead for 2½ years.

The petition for rehearing is denied.