### SIMERSON v. ST. LOUIS & S. F. R. CO.

(Circuit Court of Appeals, Eighth Circuit.   October 15, 1909.)

#### No. 2,957.

1. MASTER AND SERVANT (§ 252*)—NEGLIGENCE OF FELLOW SERVANTS—KANSAS RAILROAD STATUTE.

Gen. St. Kan. 1905, §§ 6312, 6313, which make railroad companies liable for injuries to or the death of employés through the negligence of fellow servants, 'provided that a notice in writing that an injury has been sustained, stating the time and place thereof, shall have been given by, or on behalf of, the person injured to such railroad company within eight months after the occurrence of the injury," create a new liability and confer a new right not before existing in the state, both conditioned, however, on the giving of the stated notice, which is an essential condition precedent to the right to maintain an action on such statute; and the necessity of such notice is not obviated by the fact that the action is commenced within eight months after the injury occurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. TRIAL (§ 169*)—DIRECTION OF VERDICT—GROUNDS OF MOTION.

The objection that a plaintiff did not give a notice which was an essential condition precedent to the right to bring the action need not be pleaded, but may be made on motion for a directed verdict at the close of the proof.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 169.*]

In Error to the Circuit Court of the United States for the District of Kansas.

Action by Annie Simerson against the St. Louis & San Francisco Railroad Company. Judgment for defendant on directed verdict, and plaintiff brings error. Affirmed.

P. C. Young, for plaintiff in error.

R. R. Vermilion (W. F. Evans, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

ADAMS, Circuit Judge.   This was an action by the widow of John Simerson, on behalf of herself and her two minor children, for dam-

---

ages occasioned by the death of her husband, caused by the negligent acts of his co-employés while they were working together as a switching crew in the yards of defendant railroad company in Neodesha, Kan. The Circuit Court at the close of plaintiff's case, it not having appeared, among other things, that any notice of injury had been given to the railroad company prior to the institution of the suit, directed a verdict for the defendant. Plaintiff prosecutes error.

In the view we take of this case, only one of the several questions argued need be decided, and that is whether under the laws of Kansas this suit was maintainable without a prior notice to the railroad company of the injury sustained. This suit was brought in 1906 under the provisions of section 6312 of the General Statutes of Kansas of 1905. This section embraces the fellow-servant law of 1874 (Laws 1874, p. 143, c. 93), as amended by the addition of the proviso by the act of March 4, 1903 (Laws Kan. 1903, p. 599, c. 393), and, as amended (Laws 1905, p. 566, c. 341), is in the following words:

"Every railroad company organized or doing business in the state of Kansas shall be liable for all damages done to any employé of said company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employés, to any person sustaining such damage: Provided, that notice in writing that an injury has been sustained, stating the time and place thereof, shall have been given by or on behalf of the person injured to such railroad company within eight months after the occurrence of the injury."

Section 6313 discloses that the prior section is applicable to a case where the person injured dies and damages resulting from his death are claimed by others. Prior to these enactments the rule of nonliability of the master to the employé for the carelessness of a fellow servant, originally declared in Priestly v. Fowler, 3 Mees. & Welsb. 1, and first applied in this country in Murray v. South Carolina Railroad Co., 1 McMul. (S. C.) 385, 36 Am. Dec. 268, and Farwell v. Boston & Worcester R. Co., 4 Metc. (Mass.) 49, 38 Am. Dec. 339, prevailed in the state of Kansas. Before then the death of an employé occasioned by the negligent acts of his fellow servant created no liability whatsoever against the employer. These enactments, therefore, in so far as railroad companies and their employés are concerned, created a new liability and conferred a new right before then unrecognized in that state. The Legislature, which created the liability and conferred the right, could, of course, determine and fix their bounds and subject them to conditions. If it saw fit to impose a condition or limitation upon the incurrence of the liability or the enjoyment of the right, it rested exclusively in its sovereign will to do so. These most obvious reflections have found expression in many cases unnecessary to be mentioned, and particularly in Lange v. Union Pac. R. Co., 126 Fed. 338, 62 C. C. A. 48 and Denver & R. G. R. Co. v. Wagner, 167 Fed. 75, 92 C. C. A. 527, decided by this court, and Swisher v. Railway Co., 76 Kan. 97, 90 Pac. 812, decided by the Supreme Court of the state of Kansas.

It seems to us very plain that the liability created by the Kansas statute in force when Simerson was killed and the right to assert that liability were conditioned upon the giving of the notice specified in

the statute. The Legislature in most apt words conditioned, not the remedy, but the incurrence of the liability itself, upon the giving of a certain notice to the railroad company against whom liability should be asserted. Whether the specified condition was reasonable or unreasonable, the requiring of it was clearly within the competency of the Legislature. But its reasonableness is obvious. The large number of employés of most railroad companies, their distribution over wide areas of territory, the frequency of accidents occasioned by their carelessness at places far removed from general offices, well justified the requirement of a notice of the time and place of the injury, in order that the company might ascertain the true facts of the case while fresh in the memory of witnesses, and before they should be scattered so as to be unavailable, and, of more consequence still, in order that the company might have an opportunity to intelligently consider and settle the claims without incurring the expense of court proceedings. All these and other considerations which will readily occur to the mind well warranted the Legislature in making a preliminary notice of the time and place of the injury a condition precedent to liability. By the plain language of the statute the giving of the notice is as necessary an element of the creation of liability as the negligence of the fellow servant itself is. The proof of the one is therefore as indispensable to constitute a cause of action as the proof of the other.

But it is said that the present suit was brought within the time the notice was required to be given, and is itself a sufficient compliance with that requirement. To this we are unable to give our assent. The plaintiff's right to recover depended upon her right at the inception of the suit, and, if the right was conditioned upon the existence of any fact, its existence should have been pleaded and proved, or the right was not made to appear. American Bonding & Trust Co. v. Gibson County, 145 Fed. 871, 76 C. C. A. 155. In Veginan v. Morse, 160 Mass. 143, 35 N. E. 451, in a case in which the requirement of notice was held to constitute a condition precedent to the right to bring an action, it was held, Holmes, Judge, now Associate Justice of the Supreme Court, delivering the opinion of the court, that the commencement of the action without having first given the required notice availed nothing, and that such suit could not be maintained. See, also, Thompson v. Southern Coal Co., 15 N. S. Wales, L. R. 162, and its citations. Cases are called to our attention where the requirement of a demand before suit is maintainable is held to be complied with by the institution of the suit itself; but cases of this kind are generally controlled by statutes which determine the character of the demand and do not condition the right itself. They are, therefore, inapplicable to our present inquiry. Other cases are called to our attention which arise under statutes which do not make the giving of a notice a condition precedent to the accruing of the right, but rather akin to the statute of limitations which affect the remedy. They are likewise inapplicable to the present case.

The contention that the defendant could not avail itself of the want of notice in this case without a special plea setting it up is untenable. The motion for a directed verdict at the close of the proof, on whatever ground it may have been argued, raised a question of law whether,

giving full force and effect to all the facts proven, a cause of action had been made out under the law. Denver & R. G. R. Co. v. Wagner, supra.

It results that the judgment of the Circuit Court was right, and must be affirmed.