POHLMAN v. CHICAGO, R. I. & P. R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 10, 1910.)

No. 3,089.

MASTER AND SERVANT (§ 252*)—INJURY THROUGH NEGLIGENCE OF FELLOW SERVANT—KANSAS RAILROAD STATUTE.

Under Laws Kan. 1905, c. 341, which make railroad companies liable for injuries to or the death of employés through the negligence of fellow servants, provided that a notice in writing that an injury has been sustained, stating the time and place thereof, shall have been given to the railroad company within eight months, such notice is an essential condition precedent, without which no liability is incurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

In Error to the Circuit Court of the United States for the District of Kansas.

Action by Augustus Pohlman against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

C. V. Ferguson (H. C. Sluss, on the brief), for plaintiff in error.
Paul E. Walker (M. A. Low, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was an action to recover damages for personal injuries inflicted upon plaintiff by defendant railway company in the state of Kansas. It was charged in the petition that plaintiff's injuries were occasioned by the negligence of one of his fellow servants in charge of the engine on and about which both were at work, and, for the purpose of availing himself of the provisions of the statute of Kansas (Laws Kan. 1905, c. 341, p. 566) creating a liability for the negligence of his fellow servant, plaintiff alleged that prior to the commencement of his action he served on the defendant a notice in writing stating the time and place of his injury.

The defendant by its general denial put this allegation in issue. The record fails to disclose that any such notice was given. At the end of plaintiff's case and again at the close of all the evidence, defendant requested the trial court to instruct a verdict in its favor for the reason, as alleged, that the proof failed to disclose a cause of action. The court instructed accordingly, and plaintiff brings the case here by writ of error. We held in the recent case of Simerson v. St. Louis & S. F. R. Co., 97 C. C. A. 618, 173 Fed. 612, that the giving of the particular notice required by the Kansas law is a condition precedent to the incurrence of any liability against a railroad company for injuries resulting from the negligence of fellow servants. We there said:

"By the plain language of the statute the giving of the notice is as necessary an element of the creation of liability as the negligence of the fellow servant itself is. The proof of the one is therefore as indispensable to constitute a cause of action as the proof of the other."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As the bill of exceptions discloses that no such proof was made in this case the judgment must, on the authority of the Simerson Case, be affirmed.