ARCANGELO CAPASSO, Respondent, *v.* EDWARD G. WOOLFOLK et al., Appellants.

1. MASTER AND SERVANT — NEGLIGENCE OF FELLOW-SERVANT — RISK OF EMPLOYMENT. Where an employer has provided competent workmen to remove loose stone left in a rock cutting after blasts, and their foreman, whose competency is unquestioned, has failed after an effort to do so to remove a large stone from the top of one bank of the cutting after the day's blasting, the employer is not liable to one of the workmen, whom he directed to go to work in the cutting, for damages for an injury occasioned by a fall of the stone, within a few hours afterwards, since the employer had the right to intrust the details of the work to his foreman and the other workmen, and if the accident was the result of some negligent act of commission or omission in their midst, the negligence was that of a fellow-servant, which risk the injured employee assumed in entering upon the employment.

2. WHEN QUESTION OF NEGLIGENCE AS TO INSPECTION IS IMPROPERLY SUBMITTED TO THE JURY. When the only evidence as to the omission in the employer's duty of inspection is general and to the effect that after the blasting occurred he "never did anything" and "never sent anybody around," and this is met by evidence that all loose stones that seemed dangerous, after the blasts of the day preceding the night of the accident, had been barred down and that an attempt to move the stone which fell had been made with a derrick as well as by bars, without success, no question as to his negligence in inspection, is presented for the jury.

*Capasso* v. *Woolfolk*, 25 App. Div. 234, reversed.

(Argued May 17, 1900; decided June 19, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made January 21, 1898, sustaining plaintiff's exceptions to the dismissal of

the complaint by the Trial Term, ordered to be heard in the first instance by the Appellate Division, and granting a new trial.

Plaintiff brought this action for personal injuries, received by him while employed by the defendants and which he alleges to have been caused by the negligence of the latter. The defendants, as contractors, were engaged in lowering the tracks of the New York and New Haven Railroad Company; a work which had been going on for some two years. During that time the plaintiff had been working for them and, at the time when he received the injuries in question, he was a member of what was called the "night gang." The duty of those belonging to the night gang was to pick up and remove loose stone and rock, which had been left in the cutting after blasts. Upon the evening in question, plaintiff says that one of the defendants gave him orders to go to work and that, at about half-past three in the morning, a large stone, becoming loosened, fell from the top of the bank above him upon his foot. A witness in his behalf, who was one of the workmen, was examined as to the manner in which the blasting was generally accomplished and how many holes were drilled for a blast. He was then asked this question: "Now after the blastings occurred, or went off, what did they do if anything with regard to the examination of the rocks before sending the men to work?" The answer given was: "The contractors never did anything. They never sent anybody around." No other evidence was given on the part of the plaintiff with respect to the work of inspection. On behalf of the defendants, it was testified by the foreman in charge of the blasting that, after the blasts of the day preceding the accident, they had barred down anything that was loose or dangerous; that it was customary to do it; that he had it done on that day and that there was nothing when he left at six o'clock that was dangerous or likely to fall. The foreman of the night gang, in which the plaintiff worked, testified concerning this stone, or rock, on the evening in question, that he had called the men up and tried to turn the rock with bars, but could

60

not move it; that an effort was made to pull the rock over with the derrick, but neither by using the derrick, nor by the men with bars, could the rock be moved. At the conclusion of the case, the request of the plaintiff to go to the jury upon certain questions was denied and the defendants' motion to dismiss the complaint was granted; to which the plaintiff excepted. At the Appellate Division, where the exceptions were ordered to be heard in the first instance, the plaintiff's exceptions were sustained and a new trial ordered. From the order of the Appellate Division the defendants appealed to this court; giving the usual stipulation for judgment absolute in the event of affirmance.

*Perry D. Trafford* for appellants. The duty of making an inspection after the blast and before the night gang went to work was that of the plaintiff and his fellow-servants, including the foreman. (*Perry* v. *Rogers*, 157 N. Y. 251.) Assuming that the place should have been inspected before the night gang went to work and that the defendants failed to make such an inspection, yet such lack of inspection was not the cause of the accident, for if an inspection had taken place before the men went to work, it would have disclosed no danger whatever in the position of the rock which afterwards fell. (*Boess* v. *C. & P. B. Co.*, 12 App. Div. 366; *Painton* v. *N. C. Ry. Co.*, 83 N. Y. 7; *Carlson* v. *P. B. Co.*, 132 N. Y. 273; *Engelhardt* v. *D., L. & W. R. R. Co.*, 78 Hun, 588; *White* v. *W. L. Co.*, 131 N. Y. 631.) The duty of inspecting the position of the rocks after the night gang began to work, and while they were removing the heap of rubbish, was the duty of the plaintiff and his fellow-servants. (*Loughlin* v. *State*, 105 N. Y. 159; *Hussey* v. *Coger*, 112 N. Y. 614; *Cullen* v. *Norton*, 126 N. Y. 1; *McCampbell* v. *C. S. S. Co.*, 144 N. Y. 552; *Foley* v. *B. G. L. Co.*, 9 App. Div. 91; *Miller* v. *Thomas*, 15 App. Div. 105; *O'Connell* v. *Clark*, 22 App. Div. 466.) The fact that one of the defendants set the plaintiff to work does not make the defendants responsible for the negligent acts or omissions of their servants, whether such acts or omis-

sions occurred before the plaintiff was set to work or afterwards. If it was the duty of the plaintiff and his fellow-servants to make inspections the master was warranted in assuming that such duty had been, and would be, performed. (*Kranz* v. *L. I. Ry. Co.*, 123 N. Y. 1; *O'Connell* v. *Clark*, 22 App. Div. 466; *Cullen* v. *Norton*, 126 N. Y. 1; *Loughlin* v. *State*, 105 N. Y. 159; *McCampbell* v. *Cunard S. S. Co.*, 144 N. Y. 552.)

*T. F. Hamilton* and *John M. Gardner* for respondent. The question of the act of a fellow-servant does not arise as the master personally ordered the plaintiff to work at the particular place where the accident happened. (*Cullen* v. *Norton*, 126 N. Y. 1; *Loughlin* v. *State*, 105 N. Y. 159; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 368.) The day gang and its foreman were not the fellow-servants of the plaintiff. (*Kranz* v. *L. I. Ry. Co.*, 123 N. Y. 1; *Perry* v. *Rogers*, 157 N. Y. 251.) The master must furnish a reasonably safe place for a servant. (*Fuller* v. *Jewett*, 80 N. Y. 46; *Durkin* v. *Sharp*, 88 N. Y. 225.) The jury could have found that a proper inspection would have prevented the accident. (*Durkin* v. *Sharp*, 88 N. Y. 225.) The question of contributory negligence was for the jury. (*Stuber* v. *McEntee*, 142 N. Y. 200; *McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 368.)

GRAY, J. I am unable to distinguish this case from that of *Perry* v. *Rogers;* decided by us since the decision of the Appellate Division in this case, (157 N. Y. 251.) In that case, the plaintiff was directed by the foreman in charge of the men to go up " on the bench," which had been created in the side of a ledge of rock by blasting, for the purpose of cleaning it off. While so engaged, a large stone fell out of the wall, some six or seven feet above the bench, and inflicted upon him the personal injury for which he recovered a judgment. The judgment was reversed in this court, upon the ground that the master had furnished everything that he was

obliged to, including competent employés and a skilled fore-man; that any omission on the part of the foreman to notify the plaintiff to pry off the piece of rock that fell upon him was not attributable to the master; as it related to an ordi-nary detail of the work in which the foreman and the others were engaged and that the negligence of the foreman in that respect was the negligence of a fellow-servant. The theory of the court below, in that case, that the duty of the defendant to provide a reasonably safe place for his workmen was con-tinuous, so that in every change in the situation, occasioned by the blasting, the master's duty of providing a reasonably safe place for his workmen attached, was negatived in the opinion of this court. It was observed, with respect to the master's duty towards the plaintiff to remove threatening frag-ments of stone, that " it formed one of the many details of the work incident to the removal of this rocky cliff, which the defendant had a right to intrust to a skillful foreman and competent workmen, after providing them with the necessary and proper machinery, appliances and tools." The conclusion reached by us in that case was predicated upon the prior decisions of *Loughlin* v. *State of New York*, (105 N. Y. 159), and *Cullen* v. *Norton*, (126 N. Y. 1). The principle of that decision is applicable to the present case and, in my opinion, calls for a reversal at our hands. It is true that the plaintiff testified that one of the defendants directed him to go to work and in the opinion of the Appellate Division stress is laid upon that feature. But I am quite unable to perceive how it in anywise affects the case. Assuming, as we must, the truth of the fact so testified to, it was no more than what would be always implied in a direction given to an employé to perform his work in a designated place. Whether the direction is given by the master in person, or by some superintending agent, is unimportant; for, in either case, the duty of the master towards his employé is the same. If the master gave the plaintiff the order to enter upon the work that evening, the former had the right to intrust its details to the foreman, whose competency is not questioned, and to the night gang,

whose members, in the absence of evidence to the contrary, were, presumably, competent workmen. The master, in such a case, is not supposed to watch for supervening conditions, in the progress of the work on which his workmen are engaged. If his measure of duty had been performed by sending them off to the work under right conditions, with an experienced foreman and competent workmen, nothing further was incumbent upon him. If the accident happened during the performance of their work, due to some negligent act of commission or of omission in their midst, then the negligence was that of a fellow-servant and that was a risk which the plaintiff assumed in entering upon the employment.

Nor can it be said of this case, as it was considered at the Appellate Division, that there was any evidence for the consideration of the jury that there had been an omission in the duty of inspection. The only evidence on the part of the plaintiff bearing upon inspection was general in its nature and with no especial reference to the situation upon the night in question. It was to the effect that after the blastings occurred, which had been previously described by the witness, " the contractors never did anything ; that they never sent anybody around." On behalf of the defendants, it was testified by the day foreman that, after the blasts of the day preceding the night in question, he and his men had gone over the loose stone and had barred down all that seemed dangerous. The foreman of the night gang, particularly, testified that he had noticed this particular stone, or rock, which fell upon the plaintiff, and that he had tried to move it by use of the derrick, as well as by bars, without success. After the evidence was closed, the plaintiff was recalled, as was his principal witness who had given the evidence concerning the blastings and the custom of the contractors ; but neither of them contradicted in any way the testimony of the foreman of the night gang. The effect of this direct and precise evidence given by the foreman of the plaintiff's gang and the failure to contradict it by the plaintiff and his witnesses, when recalled in rebuttal, did not seem to have been appreciated in

the court below. I regard them as determining features of the case.

As the case was left upon all the testimony, there was no question to be submitted to the jury; for the evidence that there had been an inspection of the work and that care had been exercised to remove the threatening danger was undisputed. If, therefore, it could be said that the master, in personally directing the plaintiff to perform his work at the place in question, had assumed some extraordinary duty of care, which I do not admit, it was not shown that he failed in its requirements.

The order of the Appellate Division should be reversed and judgment should be entered dismissing the complaint, with costs to these appellants in all the courts.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN, LANDON and WERNER, JJ., concur.

Order reversed, etc.