### BARRY v. DERBY DESK CO.

(Supreme Court, Appellate Division, First Department.   November 15, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—ACTIONS—NOTICE—SUFFICIENCY.

A notice of injury to an employé, averring that the employer was negligent in failing to furnish a safe place to work, proper appliances, and competent fellow servants, is insufficient, within Employer's Liability Act, Laws 1902, p. 1749, c. 600, § 2, providing for notice of "time, place, and cause" of injury, and requiring such a notice as will acquaint the employer of the particular negligent act relied on.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

Appeal from Trial Term.
Action by James Barry against the Derby Desk Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed and remanded.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Henry A. Powell, for appellant.
John B. Stanchfield, for respondent.

LAMBERT, J.   The plaintiff brings this action to recover damages for personal injuries alleged to have been sustained through the

negligence of the defendant. The defendant was engaged in the construction of a factory for the Knickerbocker Chocolate Company on Thirty-First street, borough of Manhattan. On the 16th day of December, 1903, the plaintiff was employed by the defendant, and directed to report to the foreman at the Chocolate Company's building. He went to work upon a scaffolding, aiding in putting up a thin oak covering known as "facia." While thus engaged he was directed by the foreman to go to another part of the scaffolding to aid two men, Law and Johnson, who were taking down some of the work which had been improperly placed. While thus employed, and just as a section of the facia, weighing about 100 pounds was released from the ceiling, a plank of the scaffolding, on which the plaintiff and his two fellow employés were standing, broke. This precipitated the plaintiff to the floor, about 4½ feet below, and he sustained the injuries for which he is seeking recovery here.

It would seem that under the provisions of the labor law, as construed in Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662, and in Schapp v. Bloomer, 181 N. Y. 125, 73 N. E. 563, the negligence of the defendant was shown sufficiently to justify the verdict, and the evidence in the case as to the detail of the work, by means of which it was attempted to be established that the defendant's foreman had been guilty of negligence in the construction of the scaffolding, was at least not necessary. The theory of the plaintiff, however, was that his case came within the provisions of the employer's liability act, and in support of this cause of action he introduced in evidence, over the objection and exception of the defendant, a copy of a notice served upon the defendant, and the principal question involved in this appeal is the sufficiency of such notice.

The statute (section 2, c. 600, p. 1749, Laws 1902) provides that no action for the recovery of damages for personal injuries shall be maintained unless "notice of the time, place and cause of the injury is given to the employer within 120 days * * * after the occurrence of the accident causing the injury or death." This notice is required to be in writing, and the notice introduced in evidence and found in the record does not state the cause of the injury within the letter or spirit of the statute. The notice reads as follows:

"Please take notice that I have a claim against you for personal injuries sustained by me on the 18th day of December, 1903, while in your employ on a building situated on West 31st street, between 9th and 10th avenues, in the borough of Manhattan, New York City, through your negligence in failing to furnish me with a safe, proper, and suitable place to perform the work which I was engaged to do by you, in failing to furnish me with proper and safe appliances with which to do the work which I was engaged to do by you, and in failing to furnish me with competent fellow employés."

Assuming that the cause of the injury might be stated in its legal effect, the only suggestions of negligence in this notice are such as are involved in a common-law action of negligence, and in an action at common law there is no occasion for giving any notice whatever, except in those actions against municipal corporations where the statute has made such notice necessary as a condition precedent. The notice does not, therefore, in any view we may take of it, give the employer

any information of the cause of the injury which would impose liability under the employer's liability act, and it has been held by this court that the notice, "in order to permit the bringing of an action under the statute, should be sufficient to apprise him that liability is claimed because of the statute and under its provisions." Chisholm v. Manhattan Railway Co., 116 App. Div. 320, 324, 101 N. Y. Supp. 622, 625. In other words, the notice should have informed the defendant of the claim of negligence on the part of its foreman or superintendent, if it was intended to hold the master liable for such negligence, and the giving notice of alleged negligence under the common law does not fulfill the purposes of the Legislature in requiring notice to the employer where it is intended to hold him to a larger liability. The authorities which plaintiff cites, and which undoubtedly justify the contention that statutes requiring notice of an accident resulting in personal injuries are satisfied with substantial compliance, are such as relate to municipal corporations, where the common-law rights of the individual are infringed or limited. In no case, where the rights of the individual are enlarged beyond the common-law right, has it ever been held that the statute is open to liberal construction or substantial compliance, so far as we have been able to discover, and this court is thoroughly committed to the rule which we have pointed out above.

This being true, it was clearly error to admit the notice over the defendant's objection, and the error was intensified by the charge of the court. It is true that there was no objection to the charge ; but the defendant had raised the question of liability under the employer's liability act by the objection and exception to the admission of the notice in evidence, and this is sufficient to protect its interests upon this appeal. The notice in evidence, in connection with the charge of the court that the negligence of defendant's foreman could be imputed to the defendant, could not have failed to prejudice the case in the minds of the jurors, and the judgment, because based upon an erroneous theory, which the defendant sought to obviate, should be reversed.

There are other questions involved in this appeal; but as a new trial must be had, it is not necessary to consider them here, for there is no reason to anticipate that they will appear upon a new trial.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., concurs.

SCOTT, J. (concurring). I concur in the reversal of this judgment on the general ground that the notice given to defendant was not sufficiently definite to comply with the employer's liability act. That act by its second section requires service upon the employer of a notice stating the "time, place, and cause" of the injury. The reason for requiring such notice is obvious. The Legislature was about extending the liability of the employer so as to render him liable for the negligence of others, for whose negligence he was not liable at common law, and of whose negligent acts he is not presumed to have knowledge. The purpose of the notice was to acquaint him with the particular negligent act for which it was intended to hold him liable, and thus

enable him to make the necessary inquiries to present his defense, if any. Hence the requirement that he should be notified of the time, place, and cause of the accident. The notice served in the present case undertook to state the cause of the injury as follows:

"Your negligence in failing to furnish me with a safe, suitable, and proper place to perform the work with which I was engaged to do by you, in failing to furnish me with safe and proper appliances with which to do the work which I was engaged to do by you, and in failing to furnish me with competent fellow servants."

Under such a notice as this no one could possibly determine just what accident or incident caused the plaintiff's injury, which, as the evidence showed, was the breaking of a scaffold plank. What the plaintiff has given notice of is, not the cause of his injury, but the cause of that cause. This, as I consider, was not a substantial compliance with the statute. It is true that the act, so far as concerns the employé, is remedial in its nature; but as regards the employer it enlarges his liability, and, while it should not be so construed as to hamper the employé in the pursuit of his added remedy, the employer is entitled to such a notice of the alleged cause of the injury as will enable him to intelligently investigate the circumstances. To accuse him generally of negligence, which is all that the notice in the present case did, does not give him such notice as the statute contemplates.

INGRAHAM, CLARKE, and LAMBERT, JJ., concur.