### FINNIGAN v. NEW YORK CONTRACTING CO.

(Supreme Court, Appellate Division, First Department.  December 20, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—LIABILITY OF MASTER—EMPLOYER'S LIABILITY ACT.

Employer's Liability Act, Laws 1902, p. 1748, c. 600, making an employer liable for injuries to an employé by reason of any defect in the condition of the ways, works, or machinery used in the business of the employer, or by reason of the negligence of any person in the service of the employer, intrusted with and exercising superintendence, etc., increases the liability of employers by making them liable for the negligence of employés intrusted with the duty of superintendence of other employés, irrespective of the care taken to provide competent persons to superintend the work, and, if one charged with the duty of superintendence is negligent and an injury results to an employé, the employer is liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 371–373.]

2. SAME—ACTIONS—NOTICE OF INJURY—SUFFICIENCY.

A notice of injury to an employé causing his death, averring that the injuries were caused solely by reason of the negligence of the employer, in that he, as employer, failed to furnish the employé with a safe place to work and suitable tools, etc., is insufficient under Employer's Liability Act, Laws 1902, p. 1749, c. 600, § 2, providing that no action under the act shall be maintained unless notice of the time, place, and "cause" of the injury is given to the employer within a specified time, the "cause" of injury relating to particulars of the accident by which the employé sustained the injury, to enable the employer to make the necessary investigation as to what caused the accident, etc., and, though no notice is to be deemed insufficient solely by reason of inaccuracy in stating the cause of the injury, a notice is insufficient which does not give the cause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

3. SAME.

Where, to recover for the death of an employé, the Employer's Liability Act, Laws 1902, p. 1748, c. 600, must be relied on, and the notice of the injury is not sufficient under the act, no cause of action under the act is established, and the action must be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

Houghton, J., dissenting in part.

Appeal from Trial Term.

Action by Mary Finnigan, administratrix of James Finnigan, deceased, against the New York Contracting Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and HOUGHTON, JJ.

J. C. Toole, for appellant.
John C. Robinson, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff's intestate, while in the employ of defendant, received injuries which caused his death; that prior to the commencement of the action the plaintiff had caused to be served upon the defendant a notice in conformity with the employer's liability act (chapter 600, p. 1748, Laws 1902), setting forth the time, place, and circumstances under which the deceased was killed; that on or about February 28, 1906, the plaintiff's intestate, then in defendant's employ, received injuries which caused his death on said date, and that said death was caused without negligence on the part of the plaintiff's intestate and solely by the defendant's negligence, and then follows a statement of the nature of the defendant's negligence. At the opening of the trial counsel for the plaintiff offered in evidence the original notice under the employer's liability act. That notice was objected to by counsel for the defendant on the ground that it was insufficient under said act, which objection was overruled, and the defendant excepted. The court charged the jury that an employé by entering upon or continuing in the service of an employer shall be presumed to have assented to the necessary risks of the occupation or employment, and no others; that the necessary risks of the occupation or employment shall in all cases arising be considered as including

those risks, and those only, inherent in the nature of the business which remain after the employer has exercised due care in providing for the safety of his employés. Thus, upon the question of the assumption of risk by the deceased, the rule provided by the employer's liability act was stated to the jury as the basis upon which they were to consider that question. The notice, which was admitted over the objection and exception of the defendant, after stating the time and place at which the decedent received the injuries, was as follows:

"And that said injuries and death were caused without any negligence on the part of the deceased, but solely by reason of your negligence, in that you, as his master, failed to furnish him with a suitable and safe place to work, and failed to safeguard said place in which deceased was directed to work, and failed to furnish him with suitable tools, appliances, apparatus, ways, works, and machinery in connection with the work which deceased was obliged to do, and in that you failed to properly inspect, guard, and protect the place where he was at work, and in that you failed to furnish him with competent foreman and co-employés, and in that you failed to formulate, promulgate, and enforce proper rules and regulations for the safety of the deceased and his co-employés in the performance of their duties."

The notice here given failed to state what it was that caused the injury to the deceased which caused his death. From this notice the defendant could gain no information as to whether the deceased was injured by a blast, the breaking of a derrick, by falling into a pit, or failure to provide safe machinery. Nothing was stated, except that his death was caused by the negligence of the defendant.

The employer's liability act (chapter 600, p. 1748, Laws 1902) gives to an employé a cause of action when he sustains personal injury, first, by reason of any defect in the condition of the ways, works, or machinery in connection with or used in the business of the employer which arose from or had not been discovered or remedied, owing to the negligence of the employers or any person in the service of the employer intrusted by him with the duty of seeing that the ways, works, or machinery were in proper condition; second, by reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or, in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer. By this provision of the statute an employer is made liable for the negligence of an employé intrusted with the duty of superintendence of other employés engaged in the work, and consequently changed the liability of an employer for injuries caused by the negligence of a fellow workman of the person injured. The care that an employer takes to provide competent persons to superintend the work, the care that he takes to provide the very best machinery and appliances for doing the work, and the care that he himself exercises in the superintendence of the work are of no avail. If a person who is charged with the duty of superintending the work is negligent, no matter in what respect, and injury results, the employer is liable. The effect of this statute, therefore, is to greatly increase the liability of employers for injuries sustained by their employés when engaged in the master's work, and the Court of Appeals was held that this gives an additional cause of action. Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411; Harris v. Baltimore Machine

& Elevator Works, 188 N. Y. 141, 80 N. E. 1028. There are certain conditions, however, upon which such an additional cause of action depends. Section 2 of the act provides that no recovery for compensation for injury or death under this act shall be maintained unless notice of the time, place, and cause of the injury is given to the employer within 120 days, and an action is commenced within one year after the occurrence of the accident causing the injury or death. "But no notice under the provisions of this statute shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury if it be shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

The notice required by the act of the "time, place, and cause of the injury,". and the question is whether the provision requiring notice of the cause of the injury to be given to the employer is satisfied by this notice, which is nothing more than a general statement that the injury was caused by the defendant's negligence. It does not seem that such could have been the intention of the Legislature, for the cause of action which is given by the statute is one where the employé was injured by the negligence of the employer, or by a person intrusted by him with the duty of superintendence. Merely giving a notice that the plaintiff or the deceased was injured by the negligence of the defendant, or by his failure to perform certain duties imposed upon him by law, would be only notifying him that the injured person claims that the employer was liable for his neglect to an employé injured. By requiring the employé to give the employer a notice of the "time, place and cause of the injury," it was obviously intended to put the employer in possession of the facts of the particular accident which caused the employé the injury for which he seeks to hold the employer liable. The "cause" of the injury obviously relates to the particulars of the accident by which the employé sustained the injury, in order to enable the employer to make the necessary investigation as to just what it was that caused the accident for which he is to be held liable and the person charged with the duty of superintendence who was responsible for it. When the liability was confined to the negligence of the employer himself or his neglect to perform some duty that the law imposed upon him for the protection of his employés, such notice was not essential; but when liability was extended to every case in which any person charged by him with the duties of superintendence was negligent, so that the employer would be liable for an injury with which he personally had no connection and which he had taken every personal precaution to prevent, he was entitled to notice of just what the accident was, so that he could at once investigate the actions of those intrusted with the duties of superintendence, and be prepared to meet the charge that such persons had failed in the duties which they were charged to perform. But not only is the notice in this case not a notice of the cause of the accident, but the notice that it does give to the defendant was that the injury was caused by the negligence of the defendant, and not by the negligence of a person in its employ who was charged with the duty of superintendence. All the grounds of the action as stated

in the notice relate solely to the negligence of the defendant, and not to the negligence of its superintendent or a person charged by it with duties of superintendence, and there was nothing to bring home to the defendant knowledge of the cause of this accident. No one reading this notice would have any information that the injuries to the plaintiff's intestate had been caused by the explosion of dynamite left in a hole in the rock undischarged by a person charged with the duty of superintending the blasting, and the employer, after receiving this notice, would have had just exactly as much information as he had before as to the "cause" of the injury, and no more. It was not essential that there should be a positive statement in the notice that the administrator of the deceased intended to bring an action against it for its negligence; but it was essential that the employer should know what particular accident it was that caused the injury, for he could then make the necessary investigation to ascertain what, if any, person charged with the duty of superintendence had been responsible for it. If this provision requiring notice of the cause of the injury means anything or is to be of any advantage to the employer, it seems to me that the notice must give a statement of what it was that caused the injury to the person injured, and a statement that the injury was caused by the negligence of the defendant does not at all comply with the statute. We have had occasion to lately examine this question in the case of Barry v. Derby Desk Company (decided November 15th, and not yet reported) (Sup.) 106 N. Y. Supp. 575, and we there held that the purpose of the notice was to acquaint the employer with the particular negligent act for which it was intended to hold him liable, and thus enable him to make the necessary inquiries to present his defense, if any, and that a notice which stated the cause of the injury as "your negligence in failing to furnish me with a safe, suitable, and proper place to perform the work which I was engaged to do by you, in failing to furnish me with safe and proper appliances with which to do the work which I was engaged to do by you, and in failing to furnish me with competent fellow servants," was not a compliance with the statute, and did not justify the maintenance of an action under it. It was there said that "what the plaintiff has given notice of is not the cause of his injury, but the cause of that cause," and that this was not a substantial compliance with the statute. The fact that no notice was to be deemed invalid or insufficient solely by reason of any inaccuracy in stating the cause of the injury does not render a notice sufficient which does not purport to give the cause of the injury, but simply gives the nature of the cause of action to be tried. See, also, Ortolano v. Degnon Contracting Co., 120 App. Div. 59, 104 N. Y. Supp. 1064. As, therefore, the cause of action alleged in the complaint was not proved and for the error in admitting the notice under the employer's liability act, we are compelled to reverse the judgment.

It is claimed, however, by the plaintiff that, although the notice was insufficient, still the action could be maintained as an action at common law, and, upon the proofs submitted, the defendant was liable irrespective of the employer's liability act. Assuming that the judgment could be sustained if an action at common law was proved, we think the

proof was not sufficient to sustain such a cause of action. In its essential elements the action is much like Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905. In that case the plaintiff's intestate was drilling a hole in a rock for blasting purposes under the direction of defendant's foreman. It appeared that a charge in another hole had not exploded, and, while the plaintiff's intestate was at work, the charge in the other hole exploded, causing his death. It was held that, assuming the foreman to have been negligent, this negligence was that of a fellow servant, for which the master was not liable; that the risk of the dangers incident to the business of blasting is assumed by those engaged in the work; and that the act of the superintendent in placing the deceased at work where he did was a detail of the work, for which the master was not liable. This case was followed in Capasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760, in which it was said:

"The master, in such a case, is not supposed to watch for supervening conditions in the progress of the work on which his workmen are engaged. If his measure of duty had been performed by sending them off to the work under right conditions, with an experienced foreman and competent workmen, nothing further was incumbent upon him. If the accident happened during the performance of their work, due to some negligent act of commission or of omission in their midst, then the negligence was that of a fellow servant, and that was a risk which the plaintiff assumed in entering upon the employment."

There is nothing in McGuire v. Bell Telephone Co. of Buffalo, 167 N. Y. 208, 60 N. E. 433, 52 L. R. A. 437, which affects this question. The cases referred to were not cited in the prevailing opinion, although Chief Judge Parker in his dissenting opinion calls attention to them, but there was nothing that indicated an intention of the Court of Appeals to disaffirm or qualify the principle established. The plaintiff to recover must rely upon the provisions of the employer's liability act, and, having failed to serve the notice required by that act, there was no cause of action proved, and the complaint should have been dismissed.

The judgment and order are therefore reversed, and a new trial ordered, with costs to appellant to abide the event.

PATTERSON, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

HOUGHTON, J. (dissenting). I dissent on the ground that the plaintiff proved a cause of action at common law arising from the failure of the employer properly to inspect; and that the theory of the submission of the case to the jury was under the common law, and not under the employer's liability act, to which submission the defendant made no objection.