There is no evidence attacking this assignment, other than that the minutes do not disclose affirmatively that the directors authorized the assignment. But the defendant is not concerned. It is not attacking the original transaction, the debt due by it to plaintiff's assignor for goods, wares, and merchandise bought by defendant from plaintiff's assignor and not paid for. It attacks the assignment of that claim, evidenced by an instrument under seal and signed and tested by the executive officers of a private business corporation, authorized by the by-laws to so sign and test "all contracts and conveyances," on the ground that no vote of the directors has been shown. It might as well require a special vote of directors to authorize any sale over a counter. A judgment upon this assignment, sustained and supported by the testimony of the officers of the company, as it is, would be a bar to any other recovery upon the assigned cause of action. The claim that the minutes do not show action by the directors is on the same plane as the inquiry into the actual consideration for the assignment, which the referee permitted over objection and exception, upon the ground that it was admitted merely to impeach the witness, and yet was used in his opinion as ground for his conclusion.

In Quackenbos v. Globe & R. F. Ins. Co., 177 N. Y. 71, 69 N. E. 223, the corporation was being sued on its contract, and it defended upon the ground that the paper was not its contract and the seal had been put thereon without proper authority. The court said:

"It is an ancient and well-established rule of law that, where the seal of a corporation is affixed to a contract or written instrument, to which such corporation is a party, and it is signed by the president and secretary, or other proper officers, it will be presumed that such officers did not exceed their powers, as the seal is prima facie proof that it was attached by proper authority, and it lies with the party objecting to its execution to show that it was affixed surreptitiously and improperly."

In the case at bar the defendant has not shown that this seal was attached to this instrument either surreptitiously or improperly, and the instrument must therefore be given full force and effect. The finding of the referee that the instrument had never been delivered to the plaintiff was clearly against the evidence.

The judgment appealed from should be reversed, and a new trial ordered before a new referee, with costs to the appellant to abide the event. All concur.

---

GALINO v. FLEISCHMANN REALTY & CONST. CO.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE—SUFFICIENCY.
    A notice of injury to an employé, averring that the employer was negligent in failing to furnish a reasonably safe place and appliances, in knowingly employing and retaining incompetent foremen and coworkmen, and in not promulgating and enforcing proper rules for the safety of employés, is insufficient within the employer's liability act (Laws 1902, p.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1748, c. 600), requiring such notice of the time, place, and cause of injury as will acquaint the employer of the negligent act relied on.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. TRIAL (§ 296*)—INSTRUCTIONS—ERRONEOUS INSTRUCTIONS CURED BY OTHER INSTRUCTIONS.

The error in an instruction, in an action for negligent injuries to an employé, that an act of the foreman in giving an order to plaintiff constituted negligence, authorizing a recovery, arising from the fact that the question of negligence of the foreman was for the jury, was not cured by the court acquiescing in a modification, suggested by plaintiff's counsel, stating that the instruction was correct in substance, and asking the court to change the form of it, so as to say that the jury might find negligence, since the modification only emphasized the error in the instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. § 296.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—ERRONEOUS INSTRUCTIONS CURED BY OTHER INSTRUCTIONS.

Where the jury has been erroneously instructed, the error can only be cured by the trial justice withdrawing the charge in language so explicit as to preclude an inference that the jury may have been influenced by it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. § 296.*]

Appeal from Trial Term, New York County.

Action by Tony Galino against the Fleischmann Realty & Construction Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

John C. Robinson, for appellant.
Thomas J. O'Neill, for respondent.

McLAUGHLIN, J.   The plaintiff, an employé of the defendant, brought this action to recover damages, under the common law and the employer's liability act (chapter 600, p. 1748, Laws of 1902), for personal injuries which he claimed were caused by reason of the latter's negligence, which was put in issue by the answer. He had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

The particular act of negligence complained of was a signal given by the defendant's superintendent, or a person performing acts of superintendence, by which an elevator on which the plaintiff was riding was caused to descend so rapidly that the fingers of one of his hands were injured by a wheelbarrow on the elevator coming in contact with them. The testimony offered on the part of the plaintiff tended to establish his claim, while that offered on the part of the defendant was to the effect that the plaintiff had frequently been warned not to ride on the elevator, that he gave the signal himself, and was responsible for his own injury. Which contention was correct presented a question of fact, which was for the determination of the jury,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and its finding on this branch of the case would be affirmed, were it not for the fact that errors were committed at the trial which call for a reversal of the judgment.

The plaintiff, in order to establish his case under the employer's liability act, was permitted to introduce in evidence, against the defendant's objection and exception, a notice served upon the defendant prior to the commencement of the action. The objection to the notice should have been sustained. It is not a notice of the kind or character required by the act. The purpose of such a notice is to acquaint the employer with the particular negligent act for which it is proposed to hold him liable, and thus enable him to make the necessary inquiries, so that he can settle the claim without action, or, if action be brought, properly present his defense. Barry v. Derby Desk Co., 121 App. Div. 810, 106 N. Y. Supp. 575. It is defective, in that it does not state the particular act of negligence complained of. It states simply that the injuries were caused by defendant's negligence, in that it failed—

"to furnish me with a reasonably safe place and appliances in and with which to do the work, and failed to reasonably safeguard, inspect. and keep safe the place and appliances with which I was directed to work, and failed to furnish me with proper and reasonably safe ways, works, and machinery, and in that you knowingly employed and retained incompetent foremen and co-workmen to guide, direct, and assist me in the performance of my work, and failed to formulate, promulgate, and enforce proper rules and regulations for my safety and the safety of said coemployés, as a result of all of which I was caused and permitted to fall, and material fell upon me, and I sustained the injuries as aforesaid."

From this notice the defendant could gain no information as to the particular act of negligence of which the plaintiff complained. It is substantially the same as the notice pronounced defective by this court in Finnigan v. New York Contracting Co., 122 App. Div. 712, 107 N. Y. Supp. 855, recently affirmed by the Court of Appeals (not yet officially reported), 87 N. E. 424.

The court also erred in charging the jury, to which an exception was taken, that:

"If the foreman ordered the plaintiff to descend by the elevator, and gave the signal to descend rapidly, his act constituted negligence, which would bind the defendant, and plaintiff would be entitled to recover."

Whether the order of the foreman, if given, were an act of negligence, was a question of fact to be determined by the jury, and not a question of law to be determined by the court Nor was the erroneous instruction thus given cured by what subsequently occurred. In excepting to the instruction, counsel for the defendant said:

"I except to that part of your honor's charge in which you say, in effect, that, if the jury find that the foreman gave the wrong signal, that fact would fasten negligence on the defendant."

And plaintiff's counsel responded:

"While that is correct in substance, I ask your honor to change the form of that, so as to say that the jury would be at liberty to find negligence from that, instead of instructing them that that would be negligence."

The court said, "I acquiesce in the modification," and defendant's counsel excepted to the charge as modified. By the modification the learned trial justice emphasized the erroneous instruction previously given, by saying it was "correct in substance." Where a jury has been erroneously instructed as to the law applicable to the facts in the case, the error can only be cured by the trial justice withdrawing the charge as made in language so plain and explicit as to preclude an inference that the jury may have been influenced by it. Phillips v. New York Central & Hudson R. R. Co., 127 N. Y. 657, 27 N. E. 978; Willard v. Press Pub. Co., 52 App. Div. 448, 65 N. Y. Supp. 73.. This was not done. The jury were not told, nor was even an intimation made, that they were not to be bound by the previous instruction.

But, irrespective of the two errors alluded to, which require a reversal of the judgment, the record shows such statements on the part of the plaintiff's counsel as call for condemnation, and might of themselves be sufficient ground for reversing the judgment.

Upon the grounds named, therefore, I think the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.