Decision accordingly.

(63 Misc. Rep. 67.)

### KALISHER v. BROWNING, KING & CO.

(Supreme Court, Trial Term, New York County. March, 1909.)

1. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE OF INJURY—SUFFICIENCY.

A notice of injury to an employé, giving the time, place, and cause of injury, as required by Employer's Liability Act (Laws 1902, p. 1749, c. 600) § 2, is sufficient, without designating the person charged with the duty of superintendence, who was responsible for the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE OF "CAUSE."

In Employer's Liability Act (Laws 1902, p. 1749, c. 600) § 2, requiring notice to the employer of the time, place, and cause of injury to an employé, the word "cause" does not mean the person responsible for the injury, or the possession or nonpossession of authority of any designated individual.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.* For other definitions, see Words and Phrases, vol. 2, pp. 1009–1012; vol. 8, pp. 7597, 7598.]

Action by one Kalisher against Browning, King & Co. After verdict for plaintiff, defendants moved to set the verdict aside and for a new trial. Motions denied.

Butler, Notman & Mynderse (Frederick Campbell, of counsel), for the motion.

Max D. Steuer (David L. Podell, of counsel), opposed.

GUY, J. The main ground of the motions to set aside the verdict herein and for a new trial is based upon an exception to the ruling of the court that the notice served herein, under the employer's liability act (Laws 1902, p. 1748, c. 600), was a sufficient compliance with the statute. It is claimed by the defendant that said notice was defective in that it failed to state the person charged with the duty of superintendence, who was responsible for the accident. In support of this contention counsel cites the opinion of the learned Appellate Division in Finnigan v. New York Contracting Co., 122 App. Div. 712, 713, 107 N. Y. Supp. 855. The statement of the law, as embodied in that opinion, has, however, been somewhat modified by the later decision, therein, rendered by the Court of Appeals, in which the court say:

"We have no idea that the Legislature intended to require a notice of such technical form and perfection that it would satisfy the tests to be applied to a pleading and demand skill in preparation which would be entirely beyond the capacity of a layman. Such construction would tend to defeat the purpose of the statute, and it should not be adopted."

The court evidently intended that its opinion in the Finnigan Case should act as a corrective of the tendency manifested in various recent

decisions to treat the notice called for by the statute as in effect a bill of particulars, to which the plaintiff should be strictly held upon the trial of the cause; and it is significant, in view of the language of the previous opinion of the learned Appellate Division, that no reference is made in the opinion of the higher court to the necessity of designating "the person charged with the duty of superintendence." The court, in effect, holds that it is sufficient if a notice complies, with reasonable definiteness and clearness, with the requirements of the statute.

The requirements of the statute, as set forth in section 2 thereof, are that notice shall be given of "the time, place and cause of the injury." There is no requirement that the notice shall designate the person charged with the duty of superintendence; and in view of the particularity with which such person is described in the preceding section of the act, it is clear that it was not the intention of the Legislature that there should be any such requirement. The provisions of the statute as to responsibility of the master for the acts of persons performing the duties of superintendence were clearly intended to prevent a continued misapplication of a recognized principle of law, from which great injustice had resulted to employés, whereby the acts of one performing the duties of a superintendent were deemed to be the acts of a co-employé of the plaintiff for which the master could not be held liable. In Bovi v. Hess, 123 App. Div. 389, 107 N. Y. Supp. 1001, the court defined "cause" under the statute as follows:

"The facts out of which the injury arose; * * * that which produces or effects the result; that from which anything proceeds and without which it would not exist."

It is evident that "cause," as referred to in the statute, does not mean the person who was responsible for the cause, or the possession or nonpossession of authority by any designated individual. It seems to me clear, therefore, that the notice herein was a sufficient compliance with the requirements of the statute.

The other questions in the case were, in my judgment, properly submitted to the jury, and there was sufficient evidence to justify their. finding thereon in favor of the plaintiff.

Motions for new trial and to set aside verdict denied.