MARY LALOR, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Streets — injury from stepping in hole in pavement — evidence — when testimony as to estimated depth of hole is inconsistent with actual measurements, the latter must control.

Plaintiff was injured by stepping in a hole in a pavement. Several witnesses for plaintiff testified as to the estimated depth. One witness testified that he ascertained by an actual and accurate measurement that the depth of the hole was four inches. *Held,* that the testimony inconsistent with this measurement is slight, conjectural and indefinite, and, as against the former, raised no real conflict and could not be adopted by the jury.

*Lalor* v. *City of New York*, 147 App. Div. 649, reversed.

(Argued March 19, 1913; decided May 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 21, 1911, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*James D. Bell* and *Jesse W. Johnson*), for appellant. The acceptance by the court of measurements actually made as against mere guesses was correct. (*Davidson* v. *City of New York*, 133 App. Div. 352; *Terry* v. *Vil. of Perry*, 199 N. Y. 79.) The mere fact that in the roadway at a point six feet from the curb and not in the crosswalk was a hole but four inches deep, and presenting no unusual features, was not sufficient to charge the municipality with negligence. (*Hamilton* v. *City of Buffalo*, 173 N. Y. 72; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Moroney* v. *City of New York*, 190 N. Y. 560; 117 App. Div. 842; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Mullins* v. *Seigel Cooper Co.*, 183 N. Y. 129; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Williams* v. *City of Brooklyn*, 33 App. Div. 539; *Gastel* v. *City of New York*, 194 N. Y. 15; *Beltz* v. *City of Yonkers*, 148 N. Y. 67.)

*A. L. Pincoffs* and *Frederick S. Martyn* for respondent. The plaintiff was not bound by the testimony of Bartlett, and the jury had the right to find that the hole was deeper than four inches. (*Miller* v. *City of New York*, 104 App. Div. 33; *Murphy* v. *City of New York*, 142 App. Div. 62.) Even if the plaintiff were bound by the testimony of Bartlett as to the depth of the hole, a case for the jury was made out. (*Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320.)

COLLIN, J. The action is to recover the damages for personal injuries sustained by the respondent through stepping into a hole in the asphalt pavement of Manhattan avenue at the corner of Huron street in the borough of Brooklyn. The judgment of the trial court dismissing the complaint at the close of respondent's evidence was reversed by the Appellate Division. We are to determine whether or not the evidence presented an issue of fact; in reviewing it we must give the respondent the advantage of all the facts properly presented, and of every favorable inference that can reasonably be drawn. (*Kraus* v. *Birnbaum*, 200 N. Y. 130; *Pinder* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 519.)

A witness for the respondent testified that the hole was circular, about as large as the head of a barrel, was about midway of the street and extended from the edge of the crossing which the respondent was using at the time she was injured. He testified further that he measured with exactness the depth of the hole in a manner which he described, and its depth at its deepest part was four inches. The condition of the hole at the time of the measurement and at the time of the accident was the same. There are no circumstances revealed by the evidence which lessen or mitigate the effect of our decisions as authority that as matter of law the existence of the hole, as described by the witness, did not charge the defendant with negligence. (*Hamilton* v. *City of Buffalo*, 173 N. Y. 72; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Terry* v. *Village of Perry*, 199 N. Y. 79.)

The respondent asserts that there was a conflict between the testimony of the witness referred to and the testimony of other witnesses in her behalf necessitating a submission to the jury. At the opening of the trial the respondent testified that after the accident she, looking back, glanced at the hole and guessed and estimated that it was eight inches deep. She was followed upon the witness stand

28

by a woman who was with her at the happening of the accident and who testified that she guessed it was about nine inches deep. Next as a witness came a man who testified that in his "estimation the hole was about six or seven inches deep at the deepest point." Then a woman, who also was with the respondent when she was injured, testified that the hole was from four to six inches deep. She was followed by a man who testified that the hole was, in his opinion, five or six inches deep. No one of these witnesses had measured its depth. The witness who testified that he ascertained by an actual and accurate measurement that the depth of the hole was four inches was the next and the last witness upon the stand. The testimony in regard to the location and diameter of the hole was consistent and harmonious.

There was not a substantial and real conflict in the evidence adduced by the respondent. The testimony that the depth of the hole as actually and accurately measured was four inches, if true, wholly deprived the estimates and conjectures concerning it of credibility. The demonstrated fact would utterly destroy their probative or evidentiary value and between it and them no conflict could exist. That testimony was produced by the respondent through a disinterested witness whom she presented to the court as worthy of credit. It is positive, precise, direct and credible upon its face and in connection with the other testimony. The testimony inconsistent with it is slight, conjectural and indefinite and, as against the former, it raised no real conflict and could not be adopted by the jury. (*Terry* v. *Village of Perry*, 199 N. Y. 79; *Capasso* v. *Woolfolk*, 163 N. Y. 472; *Hankinson* v. *Vantine*, 152 N. Y. 20.)

The judgment of the Appellate Division should be reversed and that of the Trial Term reinstated, with costs in both courts to the defendant.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.