(161 App. Div. 203)

## FABER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. MUNICIPAL CORPORATIONS (§ 768*) — PERSONAL INJURIES — CONDITION OF STREET.

   Municipalities are not liable as for negligence by reason of slight depressions or differences of grade in the street.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1622, 1624, 1625; Dec. Dig. § 768.*]

2. MUNICIPAL CORPORATIONS (§ 821*) — PERSONAL INJURIES — CONDITION OF STREET—QUESTION FOR JURY.

   In an action for the death of the driver of a truck by a fall occasioned by the wheel of the truck running into a depression in the street, evidence *held* to require the dismissal of the complaint for failure to show negligence of the city.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

   Laughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Mary Faber, as administratrix of the estate of Rudolph Faber, deceased, against the City of New York. From a judgment for plaintiff, and from an order denying motion for new trial, defendant appeals. Reversed, and·complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Clarence L. Barber, of New York City, for appellant.
Henry M. Dater, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. Plaintiff's decedent, a truck driver by occupation, came to his death on December 8, 1911, in consequence of a fall from a truck which he was driving and upon which was loaded a high pile of lumber. The jury have found by their verdict that his fall was occasioned by the fact that the front wheel of his truck ran into a hole or depression in the roadway at or near the corner of Division and Suffolk streets in the city of New York. The sole question upon this appeal is whether it appeared from the evidence that the defect in the roadway was of such a character and had existed for such a length of time as to charge the defendant with negligence in suffering it to remain unrepaired.

[1] The rule is now firmly established in this state that municipalities are not to be held liable, as for negligence, by reason of slight depressions or differences of grade in the highway. This rule is supported by a great number of decisions, many of which are collated in Terry v. Village of Perry, 199 N. Y. 79, 92 N. E. 91, 35 L. R. A. (N. S.) 666, 20 Ann. Cas. 796. The obvious reason for the rule is that to hold otherwise would subject municipalities to a burden beyond that which they are reasonably required to bear.

[2] In the present case the hole on the roadway which, as it is said, caused the accident was clearly due to the wearing away of the asphalt pavement, which had been laid, as it is frequently done over the stone block pavement. The thickness of the asphalt was shown to have been not more than two or three inches. The superficial area of the hole was about two feet square. Some of the witnesses testified that the hole had existed for about two months, but not always of the same size, for it had gradually extended by wearing away of the asphalt as the street traffic passed over the spot. As to the depth of the hole or depression, the estimates of the witnesses differed widely, some making it as much as nine inches, resulting, as it was said, from the sinking of the stone blocks underlying the asphalt, but there is no evidence whatever as to how long this condition had existed. There is no evidence that any official or representative of the city had ever been notified of the defect in the pavement; the claim being that notice is to be presumed from the length of time that the defects had existed. So far as concerns the breaking away of the asphalt, it may be that a sufficient lapse of time was shown to warrant a presumption of notice, but there is no such lapse of time shown as to any sinking of the stone blocks. Opposed to the guesses or estimates of plaintiff's witnesses is the testimony of an officer of the city who actually measured the depth of the hole, and a street sweeper who assisted him. They make the depth at the deepest point only three inches and at other points materially less. The case thus presented is nearly on all fours with Lalor v. City of New York, 208 N. Y. 431, 102 N. E. 558, wherein a dismissal of the complaint was sustained. It is significant as to the character of the depression that, although there is much traffic at the place where the accident happened, no evidence was produced to show that any accident had ever happened there before.

The evidence was insufficient to show culpable negligence on the part of the defendant, and the defendant's motion to dismiss the complaint should have been granted.

Judgment and order appealed from reversed, and complaint dismissed, with costs to defendant in all courts.

INGRAHAM, P. J., and McLAUGHLIN and HOTCHKISS, JJ., concur.

LAUGHLIN, J.   I concur in the reversal of the judgment and order, but dissent from the dismissal of the complaint.