HAROLD G. BUCKHOUT, an Infant, by DAWSON S. BUCKHOUT, His Guardian ad Litem, Respondent, *v.* CITY OF NIAGARA FALLS, Appellant.

Fourth Department, December 20, 1921.

Municipal corporations — action to recover for injuries received by being thrown from bicycle ridden into hole in pavement — city had both constructive and actual notice of existence of depression — question of fact as to depth of depression — question ,as to negligence of city and contributory negligence of plaintiff were properly submitted to jury.

In an action to recover damages for personal injuries sustained by the plaintiff by being thrown from his bicycle when he rode into a hole in the pavement in a public street in the defendant city, it appeared that the depression had existed for several months; that the principal question of fact at issue was the depth of the depression in the pavement; that several of the plaintiff's witnesses, who lived in the vicinity of the place and had seen the hole in the pavement frequently, estimated the depth of the depression at from six to eight inches, while on the other hand the city engineer of the defendant testified that he stretched a steel tape over the depression and measured the depression from that tape, and that from such measurement the greatest depth of the depression was three inches.

*Held,* that by reason of the fact that the depression had existed for a long time, the defendant was chargeable with constructive notice of its existence, and furthermore, the city manager of defendant had actual notice of the existence of the depression at least ten days prior to the accident.

Inasmuch as it was conceded that there was some sagging in the steel tape used by the city engineer, the measurements made by him could not have been absolutely correct and, therefore, the estimates by the witnesses for the plaintiff as to the size and depth of the depression based upon their observations raised a question of fact which was properly submitted to the jury.

The evidence clearly presented a question of fact as to whether or not the city was negligent in permitting a hole of the size and depth of the one in question to exist for many months in one of the principal streets without attempting to repair it, and the court was justified in submitting to the jury the question of defendant's negligence and plaintiff's freedom from negligence.

APPEAL by the defendant, City of Niagara Falls, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 4th day of May, 1921, upon the verdict of a jury for $1,600,

and also from an order, entered in said clerk's office on the 10th day of May, 1921, denying defendant's motion for a new trial made upon the minutes.

*Robert J. Moore, Corporation Counsel,* for the appellant.

*George W. Knox,* for the respondent.

CLARK, J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff, respondent, by being thrown from his bicycle when he went into a hole in the pavement on McKoon avenue, one of the principal streets in the city of Niagara Falls. Plaintiff, a young boy thirteen years old, was riding his bicycle going in a northerly direction on McKoon avenue in the city of Niagara Falls between seven and eight o'clock in the evening, June 29, 1920.

There was a hole or depression in the asphalt pavement extending from near the easterly curb out toward and very near the middle of the street. It was an irregularly shaped depression and varied in depth from one to six inches, and there is some evidence that at one point it was eight inches deep. This depression had existed in that street for several months, and defendant was not only chargeable with notice of its existence because of the length of time it had permitted it to remain in that condition, but the city manager of defendant had actual notice of the existence of this defect at least ten days or two weeks prior to the accident.

On the evening of the accident as plaintiff was riding his bicycle on McKoon avenue and proceeding slowly, looking straight ahead, and when he was about three feet from this hole or depression, an automobile came up from behind, and as it was almost upon him it sounded a horn. Plaintiff was confronted with a sudden emergency, and fearing to turn to one side lest the automobile collide with him, he rode on into this hole and was thrown over the handlebars of his bicycle, sustaining a broken arm, his face was scratched and his leg considerably bruised. His injuries were serious, and there was evidence to justify a finding that they were permanent in their character.

The principal contention on this appeal is over the question

of the depth of the depression in the pavement, defendant contending that it was a slight depression not over three inches deep at any point, that it was saucer shaped, being a mere settling of the pavement at that point, the sides of the depression being unbroken, but simply bent, and the bottom being smooth.

Plaintiff on the other hand contends that at this point the pavement was broken, the edges were sharp and abrupt, and that the hole from time to time had been partially filled with cinders and stone, but that it kept sinking, and that the accident was occasioned solely because of the negligence of defendant in permitting a defect of this character to exist in its public street without attempting to make any permanent repairs, and after it had received not only constructive but actual notice of the existence of the defect.

Several witnesses in behalf of respondent testified that they had observed the hole, and they gave it as their opinion that it was of varying depths, and from six to eight inches deep at one point.

Defendant produced its city engineer who testified that nine days after the accident he examined the depression and made actual measurements to ascertain its size and depth. He used a steel tape line stretched over the depression at various points, and measured the depressed area at various stations. The greatest width of the depression was six feet and it was narrower at other points, and the engineer claimed, and is corroborated by two men who assisted him, that the greatest depth of the hole was three inches.

In using the steel tape to make the measurements it was fastened on the pavement by the assistants standing on it, it being drawn under their feet with the extreme ends pulled up with their hands, but even with this precaution there was some sag to the tape and the measurements were not absolutely correct.

Appellant earnestly contends that because the depth of the depression was measured by the city engineer as described, his statements must be taken as true, inasmuch as respondent's evidence on that subject is based on the estimates of witnesses after having observed the hole, and defendant relies on the case of *Lalor* v. *City of New York* (208 N. Y. 431).

In that case plaintiff stepped in a hole in the asphalt pavement on one of the streets in the borough of Brooklyn. The hole was small as compared with the hole in the case at bar, for in the *Lalor* case it was circular in shape and only as large as the head of a barrel. The trial court dismissed the complaint and the case was reversed in the Appellate Division. All the evidence as to the size and depth of the depression was furnished by respondent's witnesses, some of whom gave their mere impressions and one witness testified that he made exact measurements of the depth of the hole, and the Court of Appeals held that this positive evidence was of such a character that it deprived the mere estimates of other witnesses of credibility. In that case, however, there was no question as to the absolute accuracy of the measurements, whereas in the case at bar appellant's engineer concedes that there was some sagging in his tape line, and that concession of itself shows that his measurements were not absolutely correct.

On the other hand, several witnesses for the plaintiff, who lived in the vicinity of this hole and had seen it frequently, some of whom had actually ridden through it, gave testimony as to its size and depth based upon their observations, and their estimates of its dimensions were competent evidence and raised a question of fact which was properly submitted to the jury.

There is no question but this depression had existed in the line of traffic in that public street of the municipality for from six to eight months, and it was a question of fact for the jury to say whether the city neglected to keep the street in a reasonably safe condition for the use of those who had the right to travel on it.

It is urged on behalf of the defendant that the city is not liable, because the depression was so slight in its character that an accident at that point could not be reasonably anticipated, and it cites *Beltz* v. *City of Yonkers* (148 N. Y. 67); *Terry* v. *Village of Perry* (199 id. 79) and *Faber* v. *City of New York* (213 id. 411).

These cases cannot be considered as controlling here, for the facts differ materially from the facts in the case at bar. In *Terry* v. *Village of Perry* (*supra*), which was a sidewalk

case, the defect was slight and the authorities had taken steps to have it repaired, and it was said in that case: " Each case must stand upon its own peculiar facts and the application of such well-known rules of law to such facts."

Where a hole from one to six feet wide and from six to eight inches deep, with rough and abrupt edges, is permitted to exist from six to eight months, a situation is presented where there is a question of fact for a jury to say whether or not the city was negligent. (*Faber* v. *City of New York*, 213 N. Y. 411.)

The evidence was ample to justify a finding that this hole at the point where the accident occurred had existed for from six to eight months. That fact is undisputed. It was in the line of traffic on one of the principal streets of the city of Niagara Falls. The municipality had thus constructive notice of the existence of the defect, and it also had actual notice a sufficient length of time before the accident so that repairs could have been made if due diligence in that regard had been exercised. The law imposed upon the appellant the duty of guarding against accidents that could be foreseen or anticipated by exercising reasonable care.  ·

The evidence as a whole clearly presented a question of fact as to whether or not defendant was negligent in permitting a hole of the size and depth of the one in question to exist for many months without attempting to repair it, and the trial court was fully justified in submitting the questions of defendant's negligence and plaintiff's freedom from negligence to the jury for determination.

The case was submitted to the jury in a charge which was comprehensive and fair, the verdict was supported by sufficient evidence, and was not excessive, and it should not be disturbed.

All concur.

Judgment and order affirmed, with costs.