In the Matter of Supplementary Proceedings: SIDNEY A. CLARKSON, as Executor, etc., of MARY J. LUSHER, Deceased, Appellant, v. WALTER R. LUSHER, Individually and as Executor, etc., of MARY J. LUSHER, Deceased, Respondent.— In proceedings supplementary to judgment, an order to show cause why a receiver should not be appointed and a third party subpœna were issued. There were injunctions in both the order to show cause and the subpœna. Thereafter the money judgment was reversed by the appellate court. The judgment debtor moved to vacate the order to show cause and the third party subpœna, and the motion was granted. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

DORIS JENSEN, an Infant, by MAX E. JENSEN, Her Guardian ad Litem, and MAX E. JENSEN, Respondents, v. A. M. & E. REALTY CORPORATION, Appellant.— Defendant in an action for damages for personal injuries by an infant, and for expenses and loss of services by her father, appeals from a judgment for both plaintiffs, entered after a trial by the court without a jury. Judgment reversed on the law, with costs, and complaint dismissed, with costs. The theory of the action is that defendant, as a volunteer, repaired a hole in the sidewalk adjacent to its premises; that it did the work improperly, and is, therefore, liable for the consequences of a fall by the infant plaintiff, caused by the hole. Defendant made the repairs at least four years before the accident and it was not shown that the work was not properly done or that other causes did not intervene to create the condition present at the time of the accident. There was no proof that the hole caused the infant to fall. Plaintiffs seek to cast on defendant the duty resting on the city to maintain sidewalks in reasonably safe condition, and that duty can be imposed only with its limitations. The hole in question was only from an inch and a half to two inches deep, and there was nothing about it in the nature of a trap. In those circumstances the existence of the hole, by itself, did not make out negligence on the part of the person responsible for the condition of the sidewalk. (Lalor v. City of New York, 208 N. Y. 431, 433; Tetzlaff v. Incorporated Village of Amityville, 249 App. Div. 640; Kuhn v. Village of East Syracuse, 209 id. 186, 189.) Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.